THOMAS G. HILLIARD, substituted administrator, &c.,

*v.*

ALLEN PARKER et al.

[Submitted October 20th, 1909.  Decided October 20th, 1909.]

1. A gift of property to a personal trustee to use the income to keep certain graves in good condition forever was not a charity, but a purely private trust and void as a perpetuity, notwithstanding *1 Gen. Stat. 1895 pp. 350, 351* §§ *7, 14,* providing for the incorporation and regulation of cemetery associations.

2. A gift of a fund, the income of which was to be expended by the executor to purchase fuel for the most needy women in the borough of W., to be selected by the executor, excluding women living with their husbands, was a charitable trust, and therefore not objectionable as offending the rule against perpetuities.

3. A trust to use the income of a fund to purchase fuel for the most needy women in W., to be selected by testator's executor, excluding women living with their husbands, was not void for uncertainty.

4. A gift of the income of a fund to be paid annually to the treasurer of a library to be expended in the purchase of books, and to be and remain always a fund for that purpose, was a valid charity; and a library association which issued stock to members, entitling each to borrow books from the library, subject to payment of fines for delay, and which also issued permits to others, not stockholders, to borrow books on payment of five cents per week for each volume, no dividends being paid to stockholders, the object of the association being to disseminate knowledge by means of books, periodicals, reviews, and other literature,

was a charitable corporation, and therefore authorized to take and use the income of the trust for the purchase of books to be used in connection with the library, and hence the gift was not violative of the rule against perpetuities; the *corpus* of the bequest forming no part of the assets of the association.

On bill for construction of will.

*Mr. Enoch S. Fogg,* for the complainant.

*Mr. Howard B. Keasbey,* for Allen Parker and others.

*Mr. Morris H. Stratton,* for the Baptist Society at Woodstown, in the county of Salem.

*Messrs. French & Richards,* for the trustees of the Pilesgrove Library Association.

LEAMING, V. C.

The bill is filed for the purpose of obtaining a judicial construction of certain clauses in the will of Thomas Enoch, deceased.

The first clause in question is as follows:

"*Fourth.* I do order that my one remaining share of Bank Stock shall be and remain as a fund and the dividends arising therefrom shall be expended as may be necessary and shall be used in keeping my grave-yard lot in good condition, and if the said dividends shall not all be required to keep my own lot in condition the residue annually shall be used first in keeping the graves of Naomi Jess and Samuel Ernst in condition then for the balance of the grave-yard where I may be buried forever." * * *

It is to be regretted that this provision of the will cannot be sustained. Our law does not permit the creation of trusts in perpetuity except for charitable or public purposes. It has been repeatedly determined in this court that a trust for the purpose of keeping in repair the burial place of testator is a purely private trust and is not a trust the object of which is a charity. *Detwiller* v. *Hartman,* 37 *N. J. Eq.* (*10 Stew.*) *347, 353; Hartson* v. *Elden,* 50 *N. J. Eq.* (*5 Dick.*) *522, 525; Corle's Case,* 61 *N. J. Eq.* (*16 Dick.*) *409, 410.* In *Corle's Case* it is pointed

out that the provision for the general improvement of the cemetery will not remove the trust from the operation of the defined rule. Our statute touching incorporated cemetery associations can in no way aid the infirmity of this bequest. *1 Gen. Stat. pp. 350, 351 §§ 7, 14;* Moore's Executor v. Moore, 50 N. J. Eq. *(5 Dick.) 554;* Corle's Case, supra. The cemetery here in question is not owned by an incorporated cemetery association, and the bequest is not to a cemetery association directing it to take and hold the property bequeathed in trust to apply its income in a manner directed. I am obliged to treat the bequest above quoted as void because in conflict with the law against perpetuities.

The second provision of the will which is now brought in question is as follows:

"I do order that the sum of two thousand dollars now in the hands of and owed to me by Reuben Woolman shall remain in his hands as long as he will keep it and the net interest arising therefrom shall be annually expended by my executor in the purchase of fuel for the most needy women of the Borough of Woodstown, to be selected by my surviving executor as he shall judge of their needs; provided the same shall not extend to women living with their husbands, and shall be a perpetual fund forever."

The $2,000 here referred to has since been paid by Reuben Woolman to the executor and the bequest is now challenged as void for indefiniteness.

I am convinced that the trust created by this bequest is a valid one. The trust is clearly a charitable trust, and as such there can be no objection to its creation in perpetuity. *Goodell* v. *Union Association, 29 N. J. Eq. (2 Stew.) 32, 34;* Trustees v. *Wilkinson, 36 N. J. Eq. (9 Stew.) 141; S. C., 38 N. J. Eq. (11 Stew.) 514;* Green v. Blackwell, 35 Atl. Rep. 375. I think it must also be said to be settled in this state that a trust of this nature is not void for uncertainty. In *Goodell* v. *Union Association, supra,* the trust was that the income "be applied to alleviating the wants and sufferings of the deserving poor of the town of Mount Holly," and the trust was sustained. In *Hesketh* v. *Murphy, 35 N. J. Eq. (8 Stew.) 23,* the trust was to employ certain income "for the relief of the most deserving poor of the

city of Paterson aforesaid forever, without regard to color or sex; but no person who is known to be intemperate, lazy, immoral or undeserving, to receive any benefit from said fund." This gift was held to be a valid charity as against the objections that it was too indefinite, and that it failed to provide a power of selection of its objects. This decision was affirmed in *36 N. J. Eq.* (*9 Stew.*) *304.* The principles defined by the cases already cited fully support the gift now in question.

The third provision of the will which is now brought in question is as follows:

"I do order that the sum of five hundred dollars be placed at interest on good freehold security and that the net interest thereof be annually paid to the Treasurer of the Woodstown Library to be expended in the purchase of books, and to be and remain always a fund for that purpose."

It is conceded that a bequest for the promotion of learning is a gift for charitable uses within the exception to the rule against perpetuities. See *Stevens* v. *Shippen, 28 N. J. Eq. (1 Stew.) 487, 532; Taylor* v. *Trustees of Bryn Mawr College, 34 N. J. Eq. (7 Stew.) 101.* It is also admitted that by the Woodstown library, as referred to in the will, testator referred to a certain library association at Woodstown, the exact name of which is "The Trustees of the Pilesgrove Library Association." It is also admitted that this library association is incorporated under the act "to promote societies for the promotion of learning" (*2 Gen. Stat. p. 1925*); that the association has a collection of books of a general character for loan to citizens of Woodstown and others, and that the association has certificates of corporate stock which it issues to its members at a nominal payment of one dollar per share, each member being entitled to hold as many shares as he may care to take, but each holder of stock being entitled to but one vote in the management of the affairs of the association, and each member is required to pay into the treasury of the association each year dues equal to one dollar for each share of stock held, and is entitled to borrow from the library of the association one book on each share of stock so held, but subject to the payment of fines for detention of books longer than the time authorized by the general rules of the association, and members,

and others not members, are privileged to borrow from the library of the association on permits issued for that purpose such other books as they may desire on payment of five cents per week for each volume so borrowed. It is also admitted that no dividends or profits are paid or contemplated by the association to its stockholders, and that all receipts for stock, annual dues, permits and fines are turned into the treasury for the purpose of purchasing books and the payment of the current expenses of the association. It is also admitted that the constitution of the library association defines its object to be "the dissemination of knowledge by means of books, periodicals, reviews and other literature," and that the association in its work has been giving a course of free lectures, and that its library for years has been the meeting place of the Naturalist Field Club, and also the meeting place of the University Extension Centre, which societies have free access to such books as are needed in their work; that free use of the library has been given to the professor and teachers of the public schools, and awards of merit have been at times given by the library association to children of the public schools.

I think it manifest that the donee in this bequest referred to must be regarded as an association charitable in a legal sense so far as the rule against trusts in perpetuity is concerned. It is manifestly an association formed and conducted for the public good in the dissemination of learning and in no sense for private gain or profit. The bequest directs that the income be expended for the purchase of books and the admitted facts touching the work and objects of the library association render it apparent that testator's intention was the creation of a trust for the benefit of the public in its use of the books so purchased. In *Alfred University* v. *Hancock,* *69 N. J. Eq.* (*3 Robb.*) *470,* it is said: "All gifts for the promotion of education are charitable in a legal sense, where the elements of private gain are wanting, and where the scheme is, in part, supported by public or private contributions." I do not think the fact that stock is held in the library association by its members in the manner already stated, and that at dissolution the surplus assets of the association may be lawfully distributable among its stockholders, will operate to defeat the bequest now under consideration. The *corpus* of the

bequest forms no part of the assets of the association, and the income from the bequest will, so long as used as directed by the testator, serve its manifest purpose.

I will advise a decree in accordance with the views herein expressed.