On September 9th, 1906, James Doris died testate. His will was probated September 28th, 1906, before the surrogate of Atlantic county.
In said will are the following clauses:
"I give and bequeath unto my sister Catharine Bloomer the sum of two thousand dollars absolutely, and direct that the interest or income arising from the sum of fifteen thousand dollars be given her for and during the term of her natural life, and after her death I direct that my executors hereinafter named shall use and devote the said principal of fifteen thousand dollars towards assisting the worthy poor in Ireland."
"I direct that the income or interest arising from the sum of fifteen thousand dollars shall be paid to my sister Sarah Toner and her husband, Matthew Toner, or the survivor of them, and upon the death of both of them I direct that my executors hereinafter named shall use and devote the said sum of fifteen thousand dollars in assisting the worthy poor in Ireland."
Executors were appointed by said will and duly qualified.
The complainant, Catharine Bloomer, prays:
"That a decree by this honorable court be made declaring void and unenforceable any gift, trust, bequest or legacy to the executors under the will of James Doris, deceased, to be used and devoted toward assisting the worthy poor in Ireland, and that any and all of such gifts or trusts described in the will be void for indefiniteness, unascertainability and vagueness."
"A gift to a trustee of a sum of money, to the end that the interest be applied at discretion alleviating the wants and suffering of the deserving poor of Mount Holly, is a charity which this court will protect and effectuate." Goodell v.Union Association, c., of Burlington County, 29 N.J. Eq. 32.
Likewise, where interest of a fund in trust to be employed for "the relief of the most deserving poor of the city of Paterson * * *." Hesketh v. Murphy et al., 36 N.J. Eq. 304.
The opinion in this case by the late Chief-Justice Beasley also sets at rest the effect of the allegation in the bill, that the trust was void for the reason, inter alia, that "no tangible *Page 578 
method of selecting the said beneficiaries in Ireland being provided for in the said will or no proper power given the executors for so choosing the worthy poor of Ireland."
The court held that such a bequest conferred upon the trustees, not only the power to distribute the funds confided to them, but, as a necessary incident to that function, also the right to select the beneficiaries.
These cases were followed by Vice-Chancellor Leaming inHilliard v. Parker, 76 N.J. Eq. 447.
In Kitchen v. Pitney, 94 N.J. Eq. 485, a like gift for the proper and suitable maintenance of * * * bona fide residents of New Jersey was held valid.
These cases declare a trust valid where the benefits were limited to a class in a community (Mount Holly); in a city (Paterson); and throughout the state. It must follow that such a bequest for the benefit of "the worthy poor of Ireland" must also be valid.
A decree will be advised dismissing the bill.