Loague *v.* Brennan.

LOAGUE, Adm'r, *v.* BRENNAN.

(*Jackson.*    May 17th, 1888.)

1. ADMINISTRATION. *Public Administrator. Attorney Fees.*

A Public Administrator will not be allowed, in addition to his ordinary compensation, fees for professional services rendered by himself as an attorney in the course of his administration of an estate.

Cases cited: Fulton *v.* Davidson, 3 Heis., 614; State *v.* Butler, 15 Lea, 113.

2. SAME. *Same. Same. Commissions.*

Neither as attorney, nor as administrator, is he entitled to commissions on the proceeds of the lands sold to pay debts, which were disbursed without coming into his hands.

FROM SHELBY.

Appeal from Probate Court of Shelby County. J. S. GALLAWAY, J.

Loague *v.* Brennan.

John Loague, an attorney at law, became Public Administrator of Shelby County. As such he administered the estate of Mrs. E. M. Bleckley, deceased.

The personal assets proving insufficient, he filed this bill, after suggesting the insolvency of the estate, to sell lands to pay debts. He employed no attorney, but conducted the legal proceedings himself. The lands were sold and the proceeds paid out to creditors by the Clerk under orders of the Court. He was allowed reasonable commissions on the personalty in his settlements as administrator. His services as an attorney for the estate were proven to be worth $450 additional. This sum was reported by the Clerk and allowed by the Court over the exception of defendants.

From this decree defendants appealed.

W. M. RANDOLPH for Complainant.

H. C. WARRINER for Defendants.

LURTON, J. A Public Administrator, from considerations of public policy, ought not to be allowed compensation as attorney in addition to his commissions as Administrator.

The case of *Fulton* v. *Davidson*, 3 Heis., 614, has been questioned and limited to its precise facts by this Court in the case of *State* v. *Butler*, 15 Lea, 113. We are not at all disposed to ex-

tend the Fulton case, least of all to Public Administrators, who are public officers.

The Administrator, having been allowed commissions on the personalty in his settlements, was not entitled to commissions on proceeds of realty which did not go into his hands. The decree allowing $450 for attorney's fees is reversed, and costs of the appeal, and of the report as to such fees, will be paid by Loague personally.