[L. A. No. 786.   Department Two.—December 13, 1899.]

In the Matter of the Estate of JOHN HEDRICK, Deceased. GEORGE M. FRINK, Administrator, Appellant, v. HEIRS OF JOHN HEDRICK, Respondents.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF ADMINISTRATOR—AMOUNT OF EXPENDITURES WITHOUT VOUCHERS.—Under section 1632 of the Code of Civil Procedure, the items of expenditure by an administrator, for which no vouchers are produced, but which may be allowed him on his accounting, are expressly limited to items each of which does not exceed twenty dollars, and not aggregating in excess of five hundred dollars. A larger aggregate cannot be allowed, notwithstanding proof of the items in excess may be adduced in corroboration of the administrator's oath as to their correctness.

ID.—SEMI-ANNUAL RETURNS OF PUBLIC ADMINISTRATOR—ACCOUNT STATED—RIGHTS OF HEIRS.—The semi-annual statements required to be returned by the public administrator, under section 1736 of the Code of Civil Procedure, are not intended to be settled as statements of account, and cannot be treated as accounts stated, or as concluding the rights of the heirs, who may contest any unlawful items contained therein upon the final settlement of the accounts of the public administrator.

ID.—STIPULATION OF HEIRS AS TO RETURNS—CONTEST OF ITEMS UNVOUCHED FOR.—A stipulation of the heirs that each of the returns shows that during the time embraced therein "the administrator duly paid out, as expenses in this estate," the aggregate amounts included therein, aggregating a sum total, in all of the returns, and further stipulating that the items embraced in the amended final account were correct, excepting an aggregate sum stated, which was contested, and which appears at the hearing to be made up of items of expense in the respective returns for

which no vouchers were given, is not to be construed as admitting conclusively the correctness of such contested items, but as only admitting that the returns showed certain total expenses for given periods.

ID.—REFUSAL OF EXTRA COMPENSATION—DISCRETION OF COURT.—The action of the court in refusing an allowance of extra compensation to the administrator will not be disturbed upon appeal, where the evidence discloses no abuse of discretion by the court.

APPEAL from an order of the Superior Court of Riverside County settling an administrator's account and from an order denying him extra compensation.    J. S. Noyes, Judge.

The facts are stated in the opinion.

Purington & Adair, and Elmer E. Rowell, for Appellant.

W. J. McIntyre, for Respondents.

CHIPMAN, C.—Appeal by the administrator from an order settling his final account and from an order denying him extra compensation.

1. Appellant was public administrator and became administrator of this estate by virtue of his office in the year 1893. He filed eight semi-annual returns as required by section 1736 of the Code of Civil Procedure—the first being "for the term commencing December 1, 1893, and ending June 1, 1894," and the last being "for the term commencing June 1, 1897, and ending December 1, 1897." These returns, as the statute calls them, do not appear in detail, but it is agreed and stipulated that each one "shows that during said term (i. e., the term embraced in each return) the administrator duly paid out as expenses in this estate" a certain sum total, the several amounts of which are given. The administrator filed his final account April 23, 1898, and on July 13, 1898, he filed an amended final account, which latter was the account heard and determined. The following stipulation was entered into at the hearing: "It is stipulated that all the items of credit contained in the amended final account . . . . excepting the item of $2,090.18, are correct, the same having been gone into at the former hearing of the first final account herein filed." Appellant claims, as the result of the foregoing stipulation, that respondents ad-

mitted the correctness of the expenditures as shown by these semi-annual returns, and, as they form the total of the principal items in the amended final account, their correctness as to that account is also admitted. We cannot so regard this stipulation. This item of $2,090.18 was expressly and specifically contested, and much, indeed most, of the evidence was addressed to that item with a view to make legal proof of its correctness and to show that the administrator should be credited with it. The manifest object of the stipulation, as to the semi-annual returns, was to show that they contained a statement of expenses and their amount for each period, but it was not intended by the contesting parties that they should be received as conclusively showing the expenditures to be just and proper and as duly established by vouchers. The stipulation went no further than to admit that the returns showed certain total expenses for given periods.

2. The contestants are the heirs at law of the deceased, and the contested item in the account reads as follows: "By amount paid out for expenses of keeping up and properly caring for the estate as per semi-annual exhibits of administrator, filed herein as follows: June 1, 1894; December 6, 1894; June 1, 1895; December 1, 1895; June 1, 1896; December 1, 1896; June 1, 1897; December 1, 1897—$2,090.18." The administrator testified that this amount was "made up of money paid out for the benefit of the estate for which there are no vouchers. I get that amount from the regular reports made semi-annually to this court." He explained that he arrived at the above sum by subtracting from the totals of each semi-annual report the amount for which he had vouchers at the hearing and adding these different amounts together. He testified that he could only give a general idea of how these different amounts of money were paid out. In one case he said: "It was paid out for car fare and buggy hire and little things for the ranch—paid out in cash." In another instance he added to these purposes "for improvements." Again he testified: "In those instances where I testify that these different balances were expended for the benefit of the estate, it would be impossible to remember the items and the persons to whom I paid them, and the places where I paid them." He further testified that the items enter-

ing into the first five of his semi-annual reports were taken from
a regular account-book and cash-book; that this cash-book has
since been lost and he has been unable to find it; that this book
contained the items of expense now charged for, and that he now
has no memoranda of any of the items for which he has no
vouchers. He testified that the money was expended for the
estate and he personally derived no benefit from any of the ex-
penditures. Some testimony was introduced to corroborate the
testimony of the administrator. Section 1632 of the Code of
Civil Procedure provides as follows: "On the settlement of his
account he (the administrator) may be allowed any item of ex-
penditure not exceeding $20 for which no voucher is produced,
if such item be supported by his own uncontradicted oath posi-
tive to the fact of payment, specifying when, where, and to
whom it was made; but such allowances in the whole must not
exceed $500 against any one estate," etc.

Appellant contends that by a fair construction the statute
must be held to mean that the limitation of $500 applies only
to such items in excess of that sum as have no support other
than the oath of the administrator. He may support his ac-
count by his own "uncontradicted oath" to that extent and no
more; but that where he supports his account by his own oath
and by satisfactory proofs other than and corroborative of this
oath, the excess over $500, no matter how much it may be, must
be allowed in the settlement of his accounts. We cannot ac-
cept this construction of the statute. Its language is plain
and unambiguous and means, as we conceive, that the admin-
istrator may support his account as to an item not exceeding
$20, for which he has no voucher, "by his own uncontradicted
oath to the fact of payment, specifying when, where, and to
whom it was made," to the extent in all of $500. Beyond that
limit he must support the account by vouchers, and no amount
of corroboration of his oath to the expenditures by the testi-
mony of other witnesses will avail to dispense with vouchers;
and as to the $500 he must show when, where, and to whom
the disbursement was made. This is the plain and obvious
reading of the statute, which, so far as we are aware, has never
been questioned by this court. Such loose and unsatisfactory
statements as those made by the administrator, as to when,

where, and to whom he made the disbursement, are wholly insufficient. The administrator was confessedly unable to make the statutory proofs and must abide the consequences of his failure to do so.

3. Appellant claims that the semi-annual returns made under section 1736 of the Code of Civil Procedure must be treated as accounts stated and conclusive against the respondents (citing *Hendy v. March*, 75 Cal. 567), for the reason that they were aware that these returns had been made and filed and had made no objection to them. Respondents were nonresidents, and it is claimed that their resident attorney here, Mr. Harvey Potter, examined the returns from time to time and made no objection to them and that he sent two or three of them to the attorney of respondents at their place of residence. We do not think that the return to be made by the public administrator, required by section 1736, could under any circumstances be treated as an account stated. It is wholly different from the accounts required to be made by administrators and for a wholly different purpose, and is not intended to and does not take the place or serve the purpose of the semi-annual accounts required by section 1622 of the Code of Civil Procedure and sections following. Before even these latter accounts can be conclusive they must be heard by the court and its order made determining their correctness. The "return" spoken of in section 1736 is not an account in the sense that these other accounts are such; it is not made to the court; there is no hearing upon it and no order of the court required as to it. No heir is bound by it, nor does it conclusively establish any fact stated in it as against an heir. The account mentioned in *Hendy v. March, supra,* was an account stated between two persons having pecuniary relations with each other and was an entirely different account from the official return of the public administrator in the case before us.

4. The evidence as to appellant's right to extra compensation discloses no abuse of discretion by the court in refusing this allowance. The order must, therefore, stand. (Code Civ. Proc., sec. 1618.)

It is advised that the orders appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.