This is an appeal from an order settling the final account of an administrator.
Shortly after the death of John Peter Miller, special letters of administration were issued upon his estate to L. L. Fargo. Thereafter, on April 12, 1907, general letters with the will annexed were regularly issued to S.C. Rodgers, the public administrator of Santa Cruz county, in the superior court of which county the settlement of the estate was pending. In due course the administrator filed his final account and petition for the settlement thereof, which account was in due course approved as rendered. Thereafter a motion, made under section473, Code of Civil Procedure, by certain absent heirs and legatees, to set aside and vacate that order was granted. Subsequently, upon second hearing of the administrator's account, and objections thereto filed by said heirs and legatees, said account was settled as presented, except as to the administrator's commission and the fees of his attorney; that is to say, the court deducted from the fees and commissions allowed by law to the administrator and his attorney a sum equal to the fees and commissions which it had theretofore allowed the special administrator and his attorney; and also disallowed two items of $150 each charged by the administrator and his attorney respectively for special services alleged to have been rendered by them to the estate. The court further ordered that the administrator be finally discharged upon paying over to the respective legatees or their attorney the residue of the estate in his hands as shown by the account thus settled.
The appeal is by the administrator, and he contends, first, that the court erred in setting aside and vacating his account; second, that it also erred in reducing the amount of commissions *Page 559 
and fees charged by him and his attorney for their general services in the settlement of the estate; and, third, that the court erred in disallowing the two items of $150 each charged for special services by him and his attorney.
First, as to the order vacating and setting aside the first order settling the administrator's account. We cannot hold with the contention of appellant that this order was erroneous, because made upon an insufficient showing. In such a matter much is left to the discretion of the trial court; and in view of the evidence offered upon the motion and admitted without objection, consisting of letters from the legatees residing out of the state protesting against the allowance of the account, the affidavit of their attorney, and the files and records of the estate, we are not prepared to say that the court abused its discretion in setting aside the said order.
As to the appellant's second contention, namely, that the court erred in reducing the amount of the commission of the administrator and the fees of his attorney for their general services in the settlement of the estate, the amount charged in the account was $344.49 as commission of the administrator — which sum is the statutory percentage on the amount of the estate, as provided in section 1618, Code of Civil Procedure — and the same amount was charged as the fees of the administrator's attorney, in accordance with section 1619 of the same code.
As we have already mentioned, there had been a special administration in this estate, and the special administrator and his attorney had been allowed by the court certain compensation upon the settlement of said special administrator's account. It was the contention of the legatees that the amount of compensation allowed to the special administrator and his attorney for their services should be deducted from the percentage fixed by the statute for the administrator and his attorney, and that these latter should receive only the difference between that percentage and the amount already received from the estate by the special administrator and his attorney. The court, while not altogether adopting this view as to the compensation of the administrator's attorney, did adopt it as to the administrator, and allowed the administrator only the sum of $100.49. *Page 560 
We think the court's construction of the law in this regard was erroneous. Where there has been a special administration in an estate, the special administrator is entitled to compensation, for which a reasonable amount must be fixed by the court. (Code Civ. Proc., sec. 1417.) Where there are joint, or successive, administrators or attorneys, there may be an apportionment of the statutory commissions and fees; but we find nothing in the code which warrants any deduction from the percentage fixed by section 1618, Code of Civil Procedure, as the commission of the administrator, merely because a special administrator has acted in the matter of the same estate, and been compensated from its funds. Under the language of sections 1618 and 1619 of said code, we think the administrator and his attorney are entitled to the fixed percentages therein provided, and that the court cannot diminish the same. (Carver's Estate, 123 Cal. 102, [55 P. 770].)
As to the charge made by the administrator and his attorney of $150 each for special services, we think the court was justified upon the showing made in disallowing these two items. In any event, it was a matter of discretion with the trial court, and it was not exercised in such a way as to call for any revisory action by this court.
In the order from which the administrator appeals there is a direction that he be charged with the sum of $688, purporting to be the difference between the aggregate of commissions and fees charged by the special administrator, the administrator, and their attorneys, and the sum allowed by said order to the administrator and his attorney. It is not quite clear how this figure is arrived at; but it is sufficient to say that the present administrator cannot be charged with fees which have in the past been allowed by the court to a special administrator and his attorney.
The trial court is directed to modify its order in accordance with the views herein expressed, and to allow and approve the administrator's account in all respects except as to the two items of $150 each charged for special services of said administrator and his attorney, and as thus modified the order appealed from is affirmed, appellant to recover his costs upon this appeal.
Lennon, P. J., and Hall, J., concurred. *Page 561