[S. F. No. 8084.   Department Two.—June 7, 1917.]

In the Matter of the Estate of WILLIAM JOSEPH CARR, Deceased. ALFRED FUHRMAN, as Executor of the Last Will of William Joseph Carr, Deceased, et al., Appellants; JOHN J. CARR et al., Respondents.

ESTATES OF DECEASED PERSONS—STIPULATION FOR DISTRIBUTION—EXECUTOR CANNOT QUESTION AUTHORITY OF ATTORNEY.—An executor or creditor of an estate is not injured by a stipulation between the parties beneficially interested therein for its distribution in a particular manner, and cannot question the authority of an attorney acting for one of such parties to enter into the stipulation.

ID.—EXECUTOR NOT INTERESTED IN MANNER OF DISTRIBUTION.—An executor has no interest in the manner of distribution of the assets of the estate, except where such assets would be depleted by the ordered distribution to such an extent that he could not pay the debts of the estate, or where a personal liability would be imposed upon him by reason of his obedience to the court's orders.

ID.—JURISDICTION—DISTRIBUTION DIFFERENT FROM DIRECTIONS OF WILL.—A court administering the estate of a testator has jurisdiction to distribute the assets in a manner other than that directed by the will.

ID.—EXTRA COMPENSATION FOR EXECUTOR—DISCRETION.—It is not an abuse of discretion to refuse an executor extra compensation for extraordinary services, which consisted solely in drawing an answer to a contest of the will and in appearing at certain continuances of the hearing.

ID.—DISTRIBUTION — CREDITORS OF ANOTHER ESTATE CANNOT APPEAL FROM DECREE.—The executor and creditors of the estate of a person who was a beneficiary in another estate are not parties aggrieved by, and cannot appeal from, the decree distributing such other estate, where their claims were neither presented therein nor litigated on the hearing for distribution.

APPEALS from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Alfred Fuhrman, *in pro. per.*, for Appellant.

Carl W. Mueller, for Executor of the Estate of Alice Victory, Deceased, Appellant.

Percy V. Long, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, for City and County of San Francisco, Appellant.

Adolphus E. Graupner, for Respondents.

Alexander D. Keyes, *Amicus Curiae.*

MELVIN, J.—These appeals are from a judgment, order, and decree of distribution in the Estate of William Joseph Carr, Deceased. Alfred Fuhrman appeals as executor of the last will of said Carr, as executor of the last will of Alice Victory, deceased, and individually as a creditor of the Estate of Victory. The city and county of San Francisco appeals as a creditor of the latter estate.

William Joseph Carr died testate on December 5, 1914. After proceedings duly had in that behalf Alfred Fuhrman, Esq., an attorney of this court, was appointed executor and qualified. By the terms of the will the three sons of the testator, John J., William T., and Walter R. Carr were bequeathed each one dollar; to Maud R. Carr there was a bequest of $250; and the residue was left to Alice Victory, aunt of the testator, who at the time of William Joseph Carr's death was residing at the City and County Relief Home, in San Francisco.

On May 14, 1915, the three sons of the testator filed their petition for contest of the will after probate, alleging that at the time of making the purported will, William Joseph Carr was mentally incompetent to make testamentary disposition of his property. The executor filed an answer to this contest, and after the matter was at issue trial was postponed from time to time until the last day of February, 1916, when Mr. Fuhrman, as executor, filed his first and final account with an accompanying report and a petition for settlement of said account and for distribution. In the petition, after referring to the pending contest, he used the following language: "The said executor has now been informed, that said contestants desire to withdraw and dismiss said petition and contest,—and desire this estate to be closed, because they have effected a compromise with the heirs of Alice Victory, deceased, the residuary legatee of the above-named deceased." It appeared, further, from the petition that Alice Victory had died on the fifth day of June, 1915, and that Mr. Fuhrman had been appointed and

had qualified as executor of her estate. Hearing of the petition was duly had. At said hearing it appeared that the sons of William Joseph Carr had entered into an agreement with the two legatees of the estate of Alice Victory, deceased, who were James Caldwell, a nephew, and Edward Finley, a friend. By the terms of this writing it was stipulated that for and in consideration of the dismissal of the contest, the court was asked to distribute one-half of the assets of the Carr estate to John J. and Walter R. Carr, from which was to be deducted one hundred dollars to be paid in settlement of an unallowed portion of an undertaker's claim and $250, the legacy to Maud R. Carr. The contest having been dismissed, the court made its decree distributing one-half of the assets of the estate of William Joseph Carr to the estate of Alice Victory, deceased, and the other half to the former contestants, subject to the agreed deductions. The court also denied Mr. Fuhrman's request for extra compensation for extraordinary services.

Appellant Fuhrman, in his various capacities, contends that the stipulation between the contestants in the Estate of Carr and the legatees in the Estate of Victory is worthless, because no power of attorney was introduced to prove the authority of Mr. Johnson, who signed as attorney in fact and at law for Alice Victory's beneficiaries. This contention is without merit. If any informality appears, Mr. Fuhrman is not injured, as he does not represent the persons apparently bound by Mr. Johnson's action. But the decree affirmatively shows that Mr. Johnson was present in court representing his clients and principals at the hearing, and there was no objection at that time on the part of anyone to the manner or the sufficiency of the proof of the compromise.

It is next contended that the court was without jurisdiction to distribute the assets of the estate except as directed in the will. This objection is without merit. Alfred Fuhrman, as executor of the Estate of Carr, has no interest in the manner of distribution of the assets of that estate. He is, as such executor, a party indifferent, and it is his duty to deliver the residue of the estate to the persons designated by the court. He is a mere stakeholder of the estate. (*Estate of Healy,* 137 Cal. 474–478, [70 Pac. 455] ; *McCabe* v. *Healy,* 138 Cal. 81–90, [70 Pac. 1008] ; *Estate of Murphy,* 145 Cal. 464, [78 Pac. 960] ; *Jones* v. *Lamont,* 118 Cal. 499, [62 Am. St. Rep.

251, 50 Pac. 766]; *Estate of Williams*, 122 Cal. 76, [54 Pac. 386].) There is an exception to this rule in a case where the assets would be depleted by the ordered distribution to such an extent that the executor could not pay the debts of the estate or where a personal liability would be imposed upon him by reason of his obedience to the court's orders (*Estate of Murphy, supra*), but the exception does not cover the case before us. The executor of the Estate of Carr, therefore, is not a "party interested" except in the appeal from that part of the judgment which denies him compensation for extraordinary services. The personal services of the executor which were outside of the usual ones rendered in the administration of an estate consisted in the drawing of an answer to the contest and in appearing at certain continuances of the hearing. We cannot say that the court abused its discretion in holding that the executor was entitled to no extra compensation for this work.

As executor of the Estate of Victory or as creditor of that estate Mr. Fuhrman has no standing as an appellant from the decree in the Carr estate, nor has the city and county the right to appeal therein for the reason that their claims were not presented nor litigated in the hearing. (*Estate of McDermott*, 127 Cal. 450–452, [59 Pac. 783]; *Estate of Crooks*, 125 Cal. 459, [58 Pac. 89].) They had no claims against that estate, and their appearance here is based upon the assumption that under no conditions could the court distribute any part of the assets of the Carr estate except literally as provided by the will. This, as we have seen, is erroneous. The court had jurisdiction to make the decree, and the appellants connected with the Estate of Victory have no place in the record of the Carr estate. It does not even appear by any record which we are authorized to accept that claims were allowed against the Estate of Victory nor that said estate is insolvent. There is printed in the transcript a certificate by the clerk of the city and county of San Francisco that two claims had been allowed and approved by the judge in that estate, one in favor of Alfred Fuhrman for $32 and the other in favor of the city and county for $1,195, but there is nothing to show that by pleading or otherwise either the indebtedness or the alleged insolvency of Alice Victory's estate was ever called to the attention of the judge at the hearing of the petition for distribution in the matter of the Estate of Carr.

Therefore, under the authorities last above cited we must hold that the executor and creditors of the Victory estate are not "parties aggrieved" within the meaning of section 938 of the Code of Civil Procedure.

Therefore the appeals of Alfred Fuhrman as executor of the Estate of Victory, of Alfred Fuhrman as creditor of said estate, and the appeal of the city and county of San Francisco, are dismissed.

As to Alfred Fuhrman in his capacity as executor of the Estate of Carr the judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.