SAM HOLDING *v.* MRS. LUZELLA ALLEN *et al.*

(*Nashville.*   December Term, 1924.)

1. **EXECUTORS AND ADMINISTRATORS.**  Attorney rendering legal services to himself as executor should be compensated as executor only.

Attorney, saving estate counsel fees by diligent and efficient legal services rendered to himself as executor, should be allowed greater compensation than that ordinarily granted executor or trustee employing other counsel, but should only be compensated as executor. (*Post, pp.* 675-679.)

Cases cited and approved:   Fulton v. Davidson, 50 Tenn., 614; Thompson v. Childress, 1 Cooper's Chy., 369;   State v. Butler, 83 Tenn., 113;   Matter of Bank of Niagara, 6 Paige (N. Y.), 215;   In re Carr, 175 Cal., 387;   Doss v. Stevens, 13 Colo. App., 535;   Whittemore v. Coleman, 239 Ill., 450;   Willard v. Bassett, 27 Ill., 37;   Taylor v. Wright, 93 Ind., 121;   Slusher v. Weller, 151 Ky., 203;   Ordinary v. Connolly, 75 N. J. Eq., 521;   In re Evans, 22 Utah, 366; Noble v. Whitten, 38 Wash., 262;   Nelson v. Schoonover, 69 Kan., 779.

Case cited and disapproved: Loague v. Brennan, 86 Tenn., 634.

Cases cited and distinguished:   General Ice Co. v. H. C. Blue, — Tenn., —;   Broughton v. Broughton, 43 Eng. Reprint, 831.

2. **EXECUTORS AND ADMINISTRATORS.**  $4,000 held reasonable compensation for services of executor, including legal services.

$4,000 *held* reasonable compensation for services of executor of estate, consisting of interest in another estate, personalty worth

---

*Headnotes 1.   Executors and Administrators, 24 C. J., sections 547, 2422;   2.   Executors and Administrators, 24 C. J., section 2422.

about $15,000, and realty sold by him for $10,725, including legal services in filing bill to remove administration to chancery court and sell realty for payment of legacies, and successfully defending suit for half of estate. (*Post, pp.* 679-681.)

FROM MAURY.

Error to the Chancery Court of Maury County.—Hon. WALTER S. BEARDEN, Chancellor.

SAM HOLDING, for plaintiffs.

TILLMAN & McCALL, for defendant.

MR. JUSTICE HALL delivered the opinion of the Court.

The petition for writ of *certiorari* in this cause involves the reasonableness of the compensation allowed Judge Sam Holding as executor under the last will and testament of Mrs. Mary L. Hodge, deceased, and also his right to attorney's fees for legal services rendered himself as executor of said estate, in certain litigation involving said estate.

Petitioners are the residuary legatees named in item 10 of the will of Mrs. Mary L. Hodge, deceased. Petitioners concede the right of Judge Holding to reasonable compensation for services rendered as executor of said estate. They insist, however, that the amount of compensation allowed by the chancellor and the court of civil appeals, in view of the size of the estate and the

services rendered by the executor, is unreasonable. Petitioners challenge the right of Judge Holding to any attorney's fees whatsoever for any legal services which he may have rendered himself as executor of said estate.

But, if he is entitled to compensation for legal services rendered the estate, then they insist that the amounts allowed by the court of civil appeals are excessive and unreasonable.

Mrs. Hodge died a resident of Columbia, Tenn., on July 5, 1919. Her last will and testament was written by Judge Holding on June 2, 1919; he being a member of the bar at Columbia. In this will Judge Holding was named as executor thereof, and qualified as such executor on August 8, 1919.

By her will Mrs. Hodge, after directing in item 1 thereof that all of her just debts should first be paid out of her estate, in item 2 devised and bequeathed to Maury County Trust Company, as trustee, the sum of $15,000, and also her storehouse on the west side of the Public Square, in the City of Columbia, in trust for certain beneficiaries therein named.

By subsequent clauses of her will the testatrix bequeathed special legacies to the various persons named in said clauses, amounting, in the aggregate, to approximately $3,775.

In the tenth item of her will Mrs. Hodge devised and bequeathed the residue of her estate, both real, personal, and mixed, except any property, real and personal, which might come into the hands of her executor from the estate of her uncle, John Taylor, to the children of her deceased brother, Samuel M. Taylor, equally, naming said children.

The administration of the estate of Mrs. Hodge, deceased, was transferred from the county court to the chancery court of Maury county, under the bill filed in this cause by the executor for that purpose, and to have the will of Mrs. Hodge construed, and to have the real estate sold to pay the special legacies therein bequeathed, the personal estate being insufficient for that purpose.

In the progress of the cause the chancellor ordered a reference to the master, among other things, to take proof and report as to the compensation of the executor, Judge Holding, and what would be reasonable compensation to Judge Holding as attorney for legal services rendered in the administration of said estate, including his services in the case of *Miss Annie Briggs* v. *Sam Holding, Executor, et al.,* which had been brought and determined in said court.

In obedience to said order of reference, the master reported that the executor should be allowed $3,000 as compensation for his services as executor, excluding the interest of the testatrix in the estate of her uncle, John Taylor, deceased, which compensation should cover all allowances for attorney's fees, with respect to the administration of said estate, excluding services performed in the case of Miss Annie Briggs against the executor of said estate, and excluding services performed in the matter of collecting the interest of Mrs. Hodge in the estate of John Taylor, deceased.

As to the compensation to be allowed Judge Holding as attorney in the case of Miss Annie Briggs against the executor of said estate, the master reported that the sum of $3,500 would be reasonable compensation to Judge Holding in the defense of said suit, which the

proof shows terminated before the chancellor in favor of the executor.

As to the compensation which should be allowed the executor in reference to the amount coming to the Hodge estate from the estate of John Taylor, deceased, the master reported that the executor should be allowed $1,000 for services rendered to date in the collection of Mrs. Hodge's interest in said estate, and that such sum should be charged against any fund that might be derived from the estate of the said John Taylor, deceased. The petitioners filed several exceptions to that part of the report of the master pertaining to the executor's compensation and the attorney's fees, allowed him for legal services rendered to himself, as executor, in the matters hereinbefore mentioned.

The fourth exception was directed to that part of the report wherein the master reported that the sum of $1,000, for services rendered to date, with reference to the estate of John Taylor, deceased, would be reasonable compensation to the executor for such services.

The chancellor reserved action upon this feature of the report and the exception thereto until the interest of the testatrix under the will of her uncle, John Taylor, deceased, should be definitely ascertained and collected.

The remaining exceptions of petitioners to the master's report were overruled, and the master's report was confirmed.

, The chancellor decreed that Judge Holding, as executor of Mrs. Hodge, deceased, be allowed the sum of $3,000 to cover his compensation as executor, and as attorney in the general administration of said estate, excluding his services performed in the case of Miss Annie

Briggs against himself, as executor, and others, and excluding his services performed in the matter of the estate of John Taylor, deceased, and that said Holding be allowed the further sum of $3,500 as compensation as attorney in the successful defense of the case of Miss Annie Briggs against himself, as executor, and others, and that said allowances be retained by him out of the funds in his hands, and allowed as credits on his account as executor.

From this decree petitioners appealed to the court of civil appeals. That court, with only a slight modification as to the compensation allowed Judge Holding, as executor, by the chancellor, affirmed the decree of the chancellor in all respects, and the cause is now before this court upon petitioner's assignments of error to the judgment of the court of civil appeals, and for review.

By their first assignment of error petitioners urge that the court of civil appeals committed error in holding that $29,568.64 went into the hands of the executor of Mrs. Hodge's estate, and that said executor was entitled to, and should receive, a commission of five per cent. on this sum, less the sum of $4,000, which had been received by the executor on the amount due the Hodge estate from the estate of John Taylor, deceased, in reference to which latter sum action as to any allowance to Judge Holding, as executor, was by the chancellor and the court of civil appeals reversed, or an allowance of $1,278.43, as compensation to the executor for his services as such, because the proceeds from the sale of real estate made through the chancery court, to-wit, $10,725, did not, in fact, become a part of the estate which the executor administered in such manner as to entitle him

to any commission thereon, or any compensation there-- for; the sale being made by order of the court, and the clerk and master disbursing the proceeds derived from the sale of said real estate as directed by the chancellor, and for which service the master was duly compensated, the fund not being turned over to the executor for disbursement.

By their second assignment of error it is insisted that the court of civil appeals erred in allowing and decreeing to Judge Holding a fee of $1,500 for legal services rendered himself, as executor of the Hodge estate; said fee being in addition to the allowance of $1,278.43 allowed said Holding as executor of the Hodge estate, and being, also, in addition to the $3,500 fee allowed and decreed him for legal services rendered by him in representing himself as executor in the case of *Miss Annie Briggs* v. *Sam Holding, executor, et al.*

By their third assignment of error petitioners insist that the court of civil appeals erred in allowing and decreeing to Judge Holding, in addition to other allowances, a fee of $3,500 for legal services rendered himself as executor of the Hodge estate, in the case of *Miss Annie Briggs* v. *Sam Holding, executor, et al.*

By their fourth assignment of error petitioners insist that the court of civil appeals erred in adjudging the costs of the appeal against them.

In disposing of the questions presented, we will first determine the question of whether or not defendant, Judge Holding, is entitled to attorney's fees, in addition to his compensation as executor of said estate.

It was held by this court, in *Fulton* v. *Davidson,* 50 Tenn. (3 Heisk.), 614, that an executor who happened

to be an attorney was entitled to compensation for legal services rendered the estate, in addition to his compensation as executor.

Chancellor Cooper felt himself bound by this case, and followed it in *Thompson* v. *Childress,* 1 Cooper's Chy., 369. He pointed out, however, that the weight of authority was otherwise.

The holding in *Fulton* v. *Davidson,* supra, was questioned and disapproved in *State* v. *Butler,* 83 Tenn. (15 Lea), 113, and the holding in *Fulton* v. *Davidson* was again disapproved in *Loague* v. *Brennan,* 86 Tenn., 634, 9 S. W., 693.

In *General Ice Company et al.* v. *H. C. Blue et al.,* from Bedford county, equity, in a memorandum opinion prepared for the court of Chief Justice GREEN at the last term, this court held that a trustee, acting under a deed of trust, was not entitled to collect attorney's fees for legal services rendered to himself as such trustee. In that case this court approved the rule laid down on the subject by Chancellor WALWORTH in the *Matter of Bank of Niagara,* 6 Paige (N. Y.), 215, which rule was also approved by this court in *State* v. *Butler,* supra, as follows:

"The receiver was not entitled to charge for extra counsel fees to himself, in addition to the legal taxable costs in suits prosecuted or defended by himself as attorney or solicitor; nor was he entitled to any allowance in the character of counsel for himself or his co-receiver, in relation to any other matter. The employment of counsel and the payment of a proper allowance for such services, when necessary, requires the exercise of a sound discretion on the part of the receivers or the trustees of the fund out of which such services are to

be paid. It would therefore be as unsafe to allow a receiver or other trustee to contract with and pay himself for such extra services as it would be to allow him to become the purchaser of the trust property which it is his duty to sell to the best advantage . . . of the estate. If he employs third persons as counsel, and where he has no interest in employing and paying them for services which are not absolutely necessary, there is comparatively little danger that the estate intrusted to his care will be charged with counsel fees which might safely have been dispensed with."

In 11 R. C. L., p. 231, section 258, it is said: "An attorney who is an administrator is not entitled to an allowance against the estate for professional services in cases which he prosecutes or defends as administrator. It has been said that, if he chooses to exercise his professional skill as a lawyer in the business of the estate, it must be considered a gratuity, and that to allow him to become his own client and charge for professional services, would be holding out inducements for professional men to seek such representative places to increase their professional business, which would lead to most pernicious results."

This rule has been announced in *Re Carr,* 175 Cal., 387, 165 P., 958; *Doss* v. *Stevens,* 13 Colo. App., 535, 59 P., 67; *Whittemore* v. *Coleman,* 239 Ill., 450, 88 N. E., 228; *Willard* v. *Bassett,* 27 Ill., 37, 79 Am Dec., 393; *Taylor* v. *Wright,* 93 Ind., 121; *Slusher* v. *Weller,* 151 Ky., 203, 151 S. W., 684; *Ordinary* v. *Connolly,* 75 N. J. Eq., 521, 72 A., 363, 138 Am. St. Rep., 577; *In re Evans,* 22 Utah, 366 62 P., 913, 53 L. R. A., 952, 83 Am. St. Rep., 794; *Noble* v. *Whitten,* 38 Wash., 262, 80 P., 451.

In *Broughton* v. *Broughton* (1855), 43 Eng. Reprint, 831, CRANWORTH, L. C., said:

"The rule applicable to the subject has been treated at the bar as if it were sufficiently enunciated by saying that a trustee shall not be able to make a profit of his trust; but that is not stating it so widely as it ought to be stated. The rule really is that no one who has a duty to perform shall place himself in a situation to have his interests conflicting with that duty; and a case for the application of the rule is that of a trustee himself doing acts which he might employ others to perform, and taking payment in some way for doing them. As the trustee might make the payment to others, this court says he shall not make it to himself; and it says the same in the case of agents, where they may employ others under them. The good sense of the rule is obvious, because it is one of the duties of a trustee to take care that no improper charges are made by persons employed for the estate. It has been often argued that a sufficient check is afforded by the power of taxing the charges, but the answers to this is that that check is not enough, and the creator of the trust has a right to have that, and also the check of the trustee. The result therefore is that no person in whom fiduciary duties are vested shall make a profit of them by employing himself, because in doing this he cannot perform one part of his trust, namely, that of seeing that no improper charges are made. The general rule applies to a solicitor acting as a trustee."

The executor in this cause could not have procured a more capable lawyer than himself to protect the estate. It cannot be questioned that his services were both dili-

gent and efficient, and that he saved the estate counsel fees by the legal services rendered himself as executor cannot be denied. Under these circumstances, his allowance·should be larger than that ordinarily made to an executor or trustee who employs other counsel. We are of the opinion, however, that he should only be compensated as executor, notwithstanding the holding of his court in *Fulton* v. *Davidson,* supra, which holding is out of line with the great weight of authority, and, in our opinion, is unsound.

.In 11· R. C. L., p. 232, section 258, it is said : ''In lieu of allowing double commissions, the position is sometimes taken that in fixing the compensation of an executor the probate court may take into consideration the fact that he has performed services as a lawyer, and that thereby expense to the estate has been saved.''

To the same effect is the rule announced in *Nelson* v. *Schoonover,* 89 Kan., 779, 132 P., 1183, Ann. Cas., 1915A, 147.

To the same effect is the holding of this court in *General Ice Company et al.* v. *H. C. Blue et al.,* supra.

We are of the opinion, after a careful examination of all the evidence bearing upon the services of Judge Holding, both as executor and as attorney, that the sum of $4,000 would be reasonable compensation to him as executor of said estate. We have not undertaken to state or recite, in detail, the evidence in this opinion bearing upon the services of Judge Holding as executor, because to do so would serve no useful purpose, and would make this opinion unreasonably long. The evidence shows that the personal estate of Mrs. Hodge amounted to approximately $15,000, and this consisted of ten shares of bank

stock, which was sold by the executor for $2,250; one war savings stamp, of the value of $1,000; one Liberty bond, of the value of $1,000; three notes, aggregating the sum of $7,000; some household furniture, which was sold by the executor for the sum of $1,094.95; and $2,804.47 in cash.

The real estate, which was sold under the bill filed by the executor in the chancery court, brought $10,725, one-third of which was paid by the purchasers in cash, and distributed by the clerk and master, for which the clerk and master received the usual commissions, and notes were executed by the purchasers for the remainder of the purchase price, which, by agreement with the Maury County Trust Company, trustee under the will of Mrs. Hodge, were transferred to it without recourse; said notes being accepted by said trustee in lieu of cash.

No litigation resulted from the filing of the bill by the executor to remove the administration of the estate from the county court to the chancery court, and to have the real estate sold to raise funds sufficient with which to pay the special legacies bequeathed by Mrs. Hodge's will, and only three depositions were taken on that branch of the cause.

The suit of *Miss Annie Briggs* v. *Sam Holding, Executor, et al.,* was a suit to recover one-half of the estate of Mrs. Hodge, which, including her interest in the John Taylor estate, was worth approximately $50,000, under an alleged contract which Miss Briggs claimed she had with Mrs. Hodge for services alleged to have been rendered the testatrix for several years before her death; Miss Briggs undertaking to establish this contract by her mother. At the time this suit was brought Miss

Briggs and her mother lived in Dallas, Tex. This suit necessitated Judge Holding making three trips to Dallas, Tex., for the purpose of cross-examining Miss Briggs and other witnesses, whose depositions were taken by her at that place. Each trip to Dallas took Judge Holding out of his office for practically a week, and he also made two trips to Chattanooga, looking after said suit, and each of these trips required a couple of days away from his office. Altogether, twenty-three depositions were taken in the cause, and the taking of all of these depositions was attended by Judge Holding for the executor. He was assisted in the trial of the cause before the chancellor by other counsel. As before stated, Judge Holding was successful in the defense of the suit, and the cause terminated before the chancellor, as hereinbefore stated. These are, in brief, the principal services rendered by Judge Holding as executor and attorney in the matters pertaining to the estate of Hrs. Hodge.

As before stated, we think the sum of $4,000 is reasonable compensation for his services as executor, and the decree of the court of civil appeals will be accordingly modified.

Petitioners will be taxed with two-thirds of the costs of the appeal, and Judge Holding will be taxed with one-third.