[Civ. No. 10246. First Appellate District, Division Two.—September 22, 1936.]

In the Matter of the Estate of LISETTA E. FRITZ, Deceased. C. ALVIN MULLER, Executor, etc., Appellant, v. ANNE DOROTHEE STIEGELER, Respondent.

Lynn W. Culp for Appellant.

McKee, Tasheira & Wahrhaftig for Respondent.

SPENCE, J.—This is an appeal from an "Order Denying Claim for Extraordinary Attorney's Fees".

Two appeals in the above-entitled estate have heretofore been before this court. (*Estate of Fritz*, 130 Cal. App. 725 [20 Pac. (2d) 361]; *Estate of Fritz*, 140 Cal. App. 487 [35 Pac. (2d) 643].) The statutory fee of the attorney for the executor amounted to $1,082.20 and the probate court had previously made an additional allowance of. $350 for extraordinary services. After the decision on the second appeal, a petition was filed asking for an allowance in the sum of $250 for services performed by said attorney on said second appeal. The petition was denied and this appeal was taken.

It is contended that the trial court erred in denying said petition but we find no merit in this contention. It clearly appears that said second appeal was taken solely in the interests of the executor, rather than in the interests of the estate, and that no person connected with the estate, other than said executor, could have been benefited in any manner by the successful prosecution of said second appeal. The question of whether an executor or his attorney is entitled to extraordinary compensation for services is a question committed to the sound discretion of the probate court and its conclusion will not be set aside in the absence of a showing of an abuse of discretion. (*Estate of Carr*, 175 Cal. 387 [165 Pac. 958]; *Estate of Hedrick*, 127 Cal. 184 [59 Pac. 590]; *Estate of Miller*, 15 Cal. App. 557 [115 Pac. 329].) We need not pass upon the question of whether it is ever proper for the probate court to allow extraordinary compensation to the attorney for the executor for services performed in prosecuting an appeal from an order settling the executor's account where the interests of the executor in prosecuting said appeal are adverse to all other persons concerned. We hold, however, that under the circumstances before us there was no abuse of discretion in denying the petition for extraordinary compensation. No authority directly in point has been called to our attention but the views expressed find support in the language used

in *Estate of Higgins*, 158 Cal. 355 [111 Pac. 8], and *Estate of Stott*, Myr. Prob. Rep., 168.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.