[Civ. No. 13436.   Second Dist., Div. One.   Mar. 5, 1942.]

Estate of GEORGIANNA TURNER, Deceased. ASA E. DIXON, as Executor, etc., Appellant, v. HARRIET TURNER MOUNTS et al., Respondents.

E. R. Simon for Appellant.

W. Blair Gibbens for Respondents.

YORK, P. J.—Testatrix died in Los Angeles County on July 21, 1937, leaving a will naming appellant as executor and bequeathing her entire estate to respondents, her daughters and only heirs at law. Letters testamentary duly issued to appellant on August 19, 1937, and he retained E. R. Simon as his attorney to conduct the probate proceedings in California.

In addition to real property appraised at $2,000 and a postal savings certificate valued at $25, which comprised the California estate, testatrix died seized of 1600 acres of farm land located near North Platte, Nebraska, having an appraised value of $5,000, which was leased for farming purposes under a share crop contract; and also 160 acres of farm land situated near the city of Mankato, Kansas, appraised at $1,400, occupied by a tenant but from which no income was being derived by testatrix at the time of her death.

Appellant's attorney advised him that ancillary probate proceedings were necessary in Nebraska, and that appellant could be appointed ancillary administrator if he went to Nebraska and petitioned for appointment as such. Also, that the Kansas property could be transferred directly to the respondents without further proceedings upon the filing of the will in that state.

Appellant thereupon conferred with respondents with respect to such ancillary proceedings, respondents testifying at the trial that appellant told them it was necessary for him to make a trip to the said states to handle the property there as administrator and that "it all tied in with the settling of our estate here"; appellant, on the other hand, testified he told respondents, "If I was to be appointed the administrator there it was necessary for me to go there."

At any rate, in November of 1937, appellant made a trip to Kansas and Nebraska, and was appointed ancillary administrator of the estate in the latter state. In August of 1938, he made a second trip to Nebraska to close the ancillary proceedings and distribute the Nebraska estate and to effect a sale of the land in Kansas. For his services in connection with the Nebraska estate he received a statutory fee of $200, and the attorney who represented him in that state received the same amount. The Kansas land was sold for $1,600 and when the proceedings there were closed, the attorney handling the same was paid a fee of $55 and the real estate broker who negotiated the sale was paid $80.

In his final account, report and petition for extraordinary commissions and fees, and supplemental account of executor, appellant petitioned the court to allow as a charge against the domiciliary estate in California traveling expenses incurred by him on the two trips to Nebraska and Kansas in a total sum of $363.48; and also the sum of $125 in excess of his statutory fee on account of extraordinary services performed by him for the estate in making the two trips and effecting the sale of the Kansas property. He further petitioned the court for an allowance of $115 for his attorney in excess of the statutory fee allowed in the domiciliary estate for services performed by him in rendering legal advice in connection with the ancillary administration.

Respondents interposed their objections to the said accounting in so far as the items above enumerated were concerned, and the court thereafter entered its order allowing executor's

attorney the sum of $75 for extraordinary services instead of the sum of $115, as prayed for; and disallowed the sum of $125 on account of extraordinary services claimed to have been performed by executor, as well as the sum of $363.48 for traveling expenses incurred by said executor in making the two trips to Kansas and Nebraska in connection with the ancillary proceedings in those two states. This appeal is prosecuted from such order.

The said items were disallowed by the court upon the theory that executor "has been paid by the Nebraska probate the compensation to which he is entitled and that it would be improper under the circumstances for the court to allow the expenses out of this estate (the domiciliary proceedings in California)."

The question of whether an executor or his attorney is entitled to extraordinary compensation for services is a question "committed to the sound discretion of the probate court and its conclusion will not be set aside in the absence of a showing of an abuse of discretion. (*Estate of Carr,* 175 Cal. 387 [165 Pac. 958]; *Estate of Hedrick,* 127 Cal. 184 [59 Pac. 590]; *Estate of Miller,* 15 Cal. App. 557 [115 Pac. 329].)" (*Estate of Fritz,* 16 Cal. App. (2d) 519, 520 [60 Pac. (2d) 1008].)

Under the circumstances presented by the instant situation, there was no abuse of discretion in disallowing compensation for extraordinary services performed by executor in connection with the ancillary administration of the estate, nor in reducing from $115 to $75 the compensation on account of extraordinary services performed by executor's attorney.

With respect to traveling expenses, "The representative is entitled to traveling expenses of himself and of his attorney or agent, when necessarily incurred to enable them to properly perform the duties of the trust. But no allowance should be made where there is no necessity for travel, as where the matter can as well be attended to by mail. . . . So also traveling expenses incurred to procure appointment as a special administrator are not allowable even if his services should prove to be of great value to the estate. (*Estate of Emerson,* 175 Cal. 724 [167 Pac. 149].) Traveling expenses which pertain solely to the administration of the estate in a foreign country should be paid from the part of the estate located there. (*Estate of Ortiz,* 86 Cal. 306 [24 Pac. 1034, 21 Am. St. Rep. 44], saying that if these expenses might be allowed,

then all the expenses of administration in the other country might be charged to the California estate.)'' (11b Cal. Jur. 481, section 1039.)

Again in the same work, page 854, section 1336, it is stated: ''The expenses pertaining to the foreign estate should be paid from that part of the estate and not from the estate in California, although the domiciliary administration is here. (*Estate of Ortiz,* 86 Cal. 306 [24 Pac. 1034, 21 Am. St. Rep. 44].)'' (See, also, *Estate of Price,* 136 Cal. App. 257 [28 Pac. (2d) 717].)

The record reveals that appellant received a statutory fee of $200 in connection with the ancillary administration in the State of Nebraska and that certain expenses were paid in connection with the sale of the Kansas land before the appellant accounted for the same in the domiciliary proceeding in this state. Consequently, it would appear that the traveling expenses incurred by executor in connection with the ancillary administration should have been presented for allowance at the time the ancillary proceedings were closed and not in the final accounting of the domiciliary estate in California.

Appellant contends that respondents ''are estopped from contending it was unnecessary for appellant to make either of the two trips to Nebraska and to recover his reasonable expenditures for traveling expenses on said trips, for the reason that, as is shown by the evidence of appellant, heretofore set forth, they consented to these trips to Nebraska.'' The evidence upon this subject was conflicting and the court found against appellant's claim, therefore this court has no power to interfere in this regard.

For the reasons stated, the order appealed from is affirmed.

Doran, J., and White, J., concurred.