[Civ. No. 1477. Third Appellate District.—May 23, 1916.]

KATHERINE S. CROWLEY, Respondent, v. SAVINGS UNION BANK AND TRUST COMPANY et al., Appellants.

HUSBAND AND WIFE—LOAN OF JOINTLY OWNED MONEYS TO THIRD PARTIES—OWNERSHIP OF NOTES AND MORTGAGES—TENANCY IN COMMON.—Where moneys on deposit in a savings bank under a contract declaring them to be the joint property of a husband and wife are withdrawn by the husband by consent of the wife and loaned to third parties, who gave their notes and mortgages therefor payable to both husband and wife, the wife's interest in such notes and mortgages is that of a tenant in common.

ID.—CONVEYANCE TO MARRIED WOMAN—EVIDENCE—CODE PRESUMPTION.—While it is true that the presumption established by section 164 of the Civil Code, that whenever a conveyance is made to a married woman and her husband, she takes the part conveyed to her as tenant in common, is not conclusive, yet it is itself evidence which may outweigh the positive testimony of witnesses against it, and will stand as evidence in the case until it is overcome by other testimony; and whether in any case a disputable presumption has been dispelled by testimony received in rebuttal thereof, is a question for the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

Wm. H. Chapman, Sullivan & Sullivan, and Theodore J. Roche, for Appellants.

O'Gara & De Martini, and Bert Schlesinger, for Respondent.

CHIPMAN, P. J.—The action was brought to obtain a decree adjudging plaintiff to be the owner of an undivided one-half interest in two certain promissory notes and mortgages, and directing the sale of said notes and mortgages and the payment to plaintiff of one-half of the proceeds of said sale and one-half of all interest collected and to be collected. The promissory notes, the subject of the action, were as follows: A note of date February 29, 1912, executed by Herman D. Hogrefe, and Bertha L. Hogrefe, for the sum of fifteen thousand dollars, payable to the order of T. J. Crowley, and Catherine Crowley, secured by mortgage on real estate. Also a note of date July 16, 1912, executed by J. D. Bocarde Drayage Company, a corporation, for the sum of eighteen thousand dollars, payable to the order of T. J. Crowley and Katherine S. Crowley, secured by mortgage on real estate.

Subsequently to the commencement of the action, as appears by a supplemental complaint, there was paid on the Hogrefe note the sum of fourteen thousand dollars to defendant Savings Union Bank and Trust Company in its individual capacity, of which sum one-half was paid to defendant Savings Union Bank and Trust Company as executor of the last will of Timothy J. Crowley, deceased. The balance, seven thousand dollars, was retained by it to await the determination of the ownership thereof by the court.

On January 5, 1909, T. J. Crowley and Katherine Crowley opened an account with the San Francisco Savings Union designated as Number 131,260. This corporation afterward changed its name to Savings Union Bank and Trust Company but the account continued under the same number. The account above referred to was opened pursuant to the following contract:

"San Francisco, Cal., Jany. 5, 1909.
"To the San Francisco Savings Union:

"All moneys now on deposit, or at any time hereafter deposited by or for us or either of us, to the credit of Timothy J. Crowley or Katherine, wife, ordy. deposit account No. 131,260, with the dividends thereon and accumulations thereof, are, and shall be, the joint property (with right of survivorship) of the undersigned, and are payable to us or either of us, or to the survivor of us, or to the executors, administrators or assigns of such survivor, without reference to the original ownership of such moneys, the act of so depositing said

moneys, being absolute termination of any original ownership thereof; and are subject to all national and state laws, governing such moneys, now or hereafter in force.

"This account may be terminated at any time by the board of directors of said San Francisco Savings Union; and the opening of this account is sufficient and complete evidence of the acceptance and ratification by said San Francisco Savings Union of the terms of deposit herein set forth, without other or further action on its part.

"(Signed)   T. J. CROWLEY,<br>"KATHERINE CROWLEY."

This contract remained with the bank from the day of its date until the action was tried, and under its provisions large and small sums of money were deposited with the bank to this account and both Mr. and Mrs. Crowley individually withdrew money as required by either or both from time to time until Mr. Crowley's death, January 21, 1913. The facts in connection with the execution of this contract, and the view this court entertains of its purpose and the intention of the parties in executing it, were fully discussed in the action bearing like title to the present action and numbered Civil No. 1476, decided March 16, 1916, *ante*, p. 144, [157 Pac. 516]. In that action the question involved was as to the ownership of the balance of the fund remaining on deposit to this account at the death of Mr. Crowley, and we held that this balance passed to Mrs. Crowley by right of survivorship. We also held that the declarations found in the will of Mr. Crowley were inadmissible as evidence of an intention other than that expressed in the deposit agreement. These questions we regard as settled and need not be considered in this opinion.

The case now here calls for a decision as to whether or not Mrs. Crowley is entitled to a one-half interest in the promissory notes or their proceeds above referred to. The facts upon which she rested her claim thereto are briefly as follows: When the Hogrefe note was executed there stood to the credit of this joint account the sum of $37,241.63. For some reason not appearing, but for temporary purposes, the Crowleys jointly gave their one day promissory note to the bank for fifteen thousand dollars, and, as the transcript shows, "transferred to the credit of the cashier of the Savings Union & Trust Company $15,000.00 from our term deposit No. 131,260, with the agreement that upon payment of said note, according to its

tenor said amount shall be retransferred to our said deposit account.'' This amount was loaned to Hogrefe, and he and his wife executed and delivered their note payable to the order of Mr. and Mrs. Crowley. Five days later a deposit was made to this joint account and the bank retransferred to that account fifteen thousand dollars and canceled the Crowley note.

The money for the Bocarde Drayage Company note was drawn from the said joint account, as was stipulated, ''upon checks signed by Timothy J. Crowley alone, but that said moneys were so withdrawn with the consent of said Katherine Crowley.'' Both notes, as above stated, were made payable to Timothy J. Crowley, and one to Catherine Crowley, and the other to Katherine Crowley, or order, and so remained until Mr. Crowley's death. They were kept in his safe deposit box to which Mrs. Crowley·had a key. She testified that she was consulted by her husband as to the advisability of making the loans and consented thereto; that he told her she ''had just as much right to know where the money was as he had and he wanted me to be pleased; . . . that it was the joint money; that it belonged to me as much as it did to him. Q. Did you read the note [referring to the $18,000 note]? A. Yes, sir. Q. Where was the property that you inspected? A. On Bryant; Bryant and White Place. I accompanied my husband at that time. Q. Did Mr. Crowley tell you that there were mortgages made to secure the payment of the notes? A. Yes, sir. The notes were put in the safe deposit box to which I had access. At all times I knew that both of these notes were made payable to me and my husband.'' Defendants objected to ''any declaration which passed between the lady and her husband during the existence of the marriage relation as privileged'' under section 1881 of the Code of Civil Procedure. The court overruled the objection, and this is the only alleged error occurring at the trial in the admission or rejection of testimony, and the only ruling to which objection is made except in refusing to admit the Crowley will in evidence.

Upon the principal question in the case the court made the following findings of fact: ''1. That prior to and at the time of the death of Timothy Jay Crowley, plaintiff Katherine S. Crowley and Timothy Jay Crowley were the owners as tenants in common, of those two certain notes and mortgages that are

described in the complaint in the above-entitled action; and each of them was the owner of an undivided one-half of said two notes and mortgages as her and his separate property respectively; that since the death of said Timothy Jay Crowley, plaintiff has been and now is the owner of the undivided one-half of said two notes and mortgages as her separate property; and said Savings Union Bank and Trust Company, as trustee under the last will and testament of said Timothy Jay Crowley, deceased, has been and now is the owner of the other undivided one-half of said two notes and mortgages, to wit, the undivided one-half of said two notes and mortgages held by said Timothy Jay Crowley in his life time. . . . 8. That at the time of his death said Timothy Jay Crowley was not and prior thereto had not been the owner of both or either, or any of the notes and mortgages described in the complaint as his separate property and estate, or otherwise; that said Timothy Jay Crowley at no time was the owner of any interest in said notes and mortgages except an undivided one-half interest in and to each of said notes and mortgages, as his separate property and estate. That defendant Savings Union Bank and Trust Company, as executor of the last will and testament of Timothy Jay Crowley, deceased, is entitled to the possession of said notes and mortgages as cotenant thereof with plaintiff and not otherwise.''

By its judgment the court awarded plaintiff the relief prayed for, except that it was adjudged to the best interests of the parties ''not to order a sale of said promissory notes and mortgages or either of them at the present time, but to allow the parties to proceed to collect said notes and mortgages by suit or otherwise, reserving in this court full power to appoint a referee and to order a sale and a division of the proceeds thereof according to the interests of the parties as determined in this action whenever it shall be made to appear that a sale of said notes and mortgages or any of them would promote the interests of the parties.'' The appeal is from this judgment.

Had Mr. Crowley drawn out the money on his own initiative and loaned it to his own account, taking the notes to himself or order, a question might have arisen not now involved. He did not do this. On the contrary, the money was drawn from the bank by mutual consent and with a mutual understanding that Mrs. Crowley had the same interest in the money to be loaned as he did, and this understanding found expression in

the notes themselves by being made payable to the order of both Mr. and Mrs. Crowley. Section 686 of the Civil Code provides as follows: "Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in section six hundred and eighty-three, or unless acquired as community property"; and "An interest in common is one owned by several persons, not in joint ownership or partnership." (Civ. Code, sec. 685.) Section 161 of the Civil Code, provides that "a husband and wife may hold property as joint tenants, tenants in common, or as community property," and section 164 provides that "Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property. And in case the conveyance be to such married woman and to her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her, as tenant in common, unless a different intention is expressed in the instrument."

In this state, either husband or wife may enter into any engagement or transaction with the other respecting property which they might if unmarried. (Civ. Code, sec. 158.) A husband may convey real or personal property to his wife and it was held, in *Carter* v. *McQuade,* 83 Cal. 274, 278, [23 Pac. 348], that "whether the property conveyed be his separate property or community property, the presumption is that it thereby becomes and is thereafter to be treated as her separate property." (Citing cases.)

The following cases deal with section 164 of the Civil Code, and the presumption therein declared as to the wife receiving title to property by written instrument: *Alferitz* v. *Arrivillaga,* 143 Cal. 646, [77 Pac. 657]; *Fanning* v. *Green,* 156 Cal. 279, 282, [104 Pac. 308]; *Shaw* v. *Bernal,* 163 Cal. 262, [124 Pac. 1012].

Whether Mr. Crowley intended to transmute this money into separate or community property it seems to us immaterial, for whatever character it assumed when taken out of the bank it was immediately invested in the names of himself and wife, and we think the presumption followed that her interest in the investment was that of a tenant in common, for he ex-

pressly so provided by causing or allowing the notes and mortgages to be made payable to himself and wife.

In commenting upon section 164, the court said, in *Volquards* v. *Myers*, 23 Cal. App. 500, 505, [138 Pac. 963] : ''It is true that the presumption established by section 164 of the Civil Code is not conclusive, but may be disputed and overthrown by other testimony. Nevertheless, however, the presumption is itself evidence which may outweigh the positive testimony of witnesses against it, and will stand as evidence in the case until it is overcome by other testimony (citing cases) ; and whether, in any case, a disputable presumption has been dispelled by testimony received in rebuttal thereof, is a question whose solution is solely with the trier of the facts.''

There was no evidence offered in rebuttal of the presumption in the present case, unless the declaration of Mr. Crowley found in his will which was executed about a year after the Hogrefe note was given, and about six months after the execution of the other note, may be so regarded and this declaration we held in the former case, *supra*, was inadmissible. Aside from the investments themselves, whatever testimony is found in the record was given by Mrs. Crowley and tended to aid the presumption rather than rebut it. We think the foregoing findings were supported by the evidence.

The only remaining question relates to the alleged error in permitting Mrs. Crowley to testify as to statements made by her husband in relation to the loan of this money.

Counsel for both parties have with much industry collected the authorities *pro* and *con* the ruling. It does not seem to us necessary to decide the point. Mrs. Crowley's testimony is uncontradicted, as are certain important facts connected with the transaction otherwise appearing. It thus appeared, without contradiction, that the money which was the consideration for these loans was impressed with the character of joint ownership by the contract under which it was deposited with the Savings Union Bank and Trust Company; that Mrs. Crowley consented to its being drawn out and loaned to the makers of the notes and mortgages; that she joined in the note given to the bank temporarily when the loan was made to Hogrefe; that she visited and inspected the mortgaged property before the loan was made to Hogrefe; that she knew of the money being drawn for and consented

to the making of the loan to the Bocarde Drayage Company; that the notes and mortgages were given to Mr. and Mrs. Crowley jointly, and were kept in a safe deposit box to which Mrs. Crowley had access by a key which she carried. It is inconceivable that these facts were unknown to her husband, or that the transactions were consummated otherwise than with his full knowledge and consent. If it be conceded, for the purpose only of this opinion, that it was error to allow Mrs. Crowley to testify to her husband's declaration that the money belonged to her as much as to him, we cannot say that such error caused a miscarriage of justice. (Code Civ. Proc., sec. 475; Const., art. VI, sec. 4½.) This declaration by Mr. Crowley was not necessary to strengthen the presumption which the law attached to his acts. Everything he did goes to show beyond dispute that the fact was exactly what he declared it to be to his wife. It seems to us that it would be a gross miscarriage of justice to reverse the judgment for an alleged error in admitting evidence which was not essential to any finding of fact by the court, and without which the findings are amply supported.

The judgment is affirmed.

Hart, J., and Ellison, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 20, 1916.