This is a bill filed for the construction of the will of Bryan Ward Tichenor, of Essex county, New Jersey, which was admitted to probate in the orphans court of that county in January 5th, 1923.
The court is asked to construe the clauses of the will, which are set forth as follows — first, the fourth clause:
"I give and bequeath to my sister Ida, for life, the use and occupation of the house and plot of ground now occupied by her at No. 14 Bruen avenue, Irvington, New Jersey, rent free, but at her own expense for the upkeep thereof."
In paragraph number 2 of the eighth clause the trustee is directed to "pay all taxes or other charges upon property held under this trust or otherwise forming part of my estate [except the property No. 14 Bruen avenue, Irvington, so long as the same shall be occupied by my sister under the fourth clause hereof]." The question arises, therefore, as to whether Ida shall be charged with the payment of taxes and other charges against the property.
It is the duty of the life tenant, under ordinary circumstances, to pay for taxes, repairs, c. I believe it was the intention of the testator to allow his sister to live in his house rent free, with the understanding that she should, during her lifetime, assume all expenses connected therewith in lieu of any rental for the same. See Thomas v. Thomas, 17 N.J. Eq. 356.
The next question is as to the seventh and eighth clauses of the will, which reads as follows:
"Seventh. I wish my executors to sell and convey my real estate all or any part thereof, so soon as in their judgment may be advantageous to my estate, and turn over to my trustees hereinafter named the net proceeds thereof.
"Eighth. All the rest, residue and remainder of my personal estate, including proceeds of sale of real estate or profits arising from operation thereof, I give and bequeath to the Mechanics Metal National Bank of the City of New York, IN TRUST, to and for the following purposes, to wit:
"1. To take, hold, invest and reinvest the same in such interest-bearing securities as my said trustee shall elect, without regard to any law or ruling of or in the State of New York or State of New *Page 562 
Jersey restricting the investment of trust funds, with full power of purchase, sale and exchange; and, except as hereinafter provided, with any and all other rights, powers and privileges which are or may be exercised by a person owning similar property in his own right.
"2. To collect and receive all income from such investments and therefrom pay all taxes or other charges upon the property held under this trust or otherwise forming part of my estate (except the property No. 14 Bruen Avenue, Irvington, so long as the same shall be occupied by my sister under the Fourth clause hereof.
"3. To contract and pay for the upkeep of the burial plot in Raymond Hill Cemetery referred to in the Second Clause hereof.
"4. To pay, quarterly, to my sister Ida the sum of One hundred dollars per month so long as she shall live.
"5. To distribute and pay over the entire remaining net income arising from said trust fund, half yearly as follows:
"(a) One-fourth part thereof, including such accretions as may arise under section (e) of this Clause, to my said sister Ida, for charitable uses in her discretion, and without accounting by her therefor, so long as she shall live; thereafter to her nominee (or if none, then to the nominee of my Trustee) for like use, but subject to accounting to and control of my said Trustee so long as this trust shall continue.
"(b) One-fourth part thereof to my brother Minturn H. Tichenor so long as he shall live; thereafter to his then living child (or children including his son's widow so long as she shall remain such widow, in equal shares) for life.
"(c) One-fourth part thereof to Jennie, widow of my deceased brother Herbert W. Tichenor, so long as she shall remain such widow; thereafter to his then living child (or children, in equal shares) for life.
"(d) One-fourth part thereof to Mrs. Emma L. Moore, sister of my deceased wife, Edith, so long as she shall live thereafter to her then living child (or children, including son's widow so long as she shall remain unmarried, in equal shares) for life.
"(e) Upon the falling in of any one or more of these four beneficial interest (including 4 but excluding 5 (a) the same shall thereafter be divided and distributed equally among the then surviving principal beneficiaries (Minturn H. Tichenor, Jennie Tichenor and Mrs. Emma L. Moore) only, and only so long as he or she shall live; thereafter, that is to say upon the death of all said three principal beneficiaries, the share or shares of those without then living issue or widow of male issue shall be thereafter distributed under the provisions of section (a) of the Fifth clause; my intent and purpose being to limit in every case the benefit to child or children to the one-fourth interest in said trust fund primarily provided for the parent.
"6. This trust shall continue until the death of the last beneficiary hereunder, when the entire fund then on hand shall be devoted to relief of the needy in the wise discretion of my said trustee; first however, setting aside a fund sufficient to provide for the upkeep in perpetuity of the burial plot at Carmen aforesaid. *Page 563 
"7. For the guidance of my said trustee, it is my wish that my said beneficiaries shall receive a sure and substantial income from said trust, rather than that the principal sum thereof shall be increased; therefore, any and all increment received by my said Trustee from investments, by way of extraordinary or stock dividend or otherwise howsoever, shall be deemed to be wholly income and distributed accordingly; likewise, any assessment, subscription or other payment howsoever made to protect a security, and not primarily for augmentation of principal, shall be charged to income. Appreciation or depreciation of any security from any cause whatever shall not affect the distribution of income when once such income shall have been in hand.
"Further, that in the distributions, intermediate or final, for charitable purposes herein provided regard be had to the possible need of my relatives.
"LASTLY: I nominate, constitute and appoint by brother Minturn H. Tichenor and my sister-in-law Mrs. Emma L. Moore executor and executrix of this my last will, without bond, and particularly request them both to qualify and act as such without compensation further than their actual and necessary expenses incurred on and about the administration of my estate.
"It is my wish that no proceedings touching by estate be had in any jurisdiction other than Essex County, New Jersey, further than may be necessary to make record title to the various parcels of real estate of which I may died seized in other states and to render operative the trust herein created."
It is the contention of the complainant that these clauses violate the doctrine against perpetuities, and, in the first place, that they embrace objects not charitable, as well as those that are charitable. It will be observed that the testator, after creating certain trusts, leaves, eventually, his property for "the support of the needy," after first providing for the upkeep of a graveyard in which his body is to be buried, and that of his family. The provision is not to an incorporated cemetery company but to the trustees themselves.
It has been decided in this state that the keeping in repair of a burial plot is a private and not a public charity. 76 N.J. Eq. 447.
In VanSickel v. Johnson, 80 N.J. Eq. 117, the present chancellor, then sitting as vice-chancellor, discussed the matter of the intermingling of private charities with those that are not charitable. In that case the testator gave a sum of money for keeping a graveyard in repair, and, if the *Page 564 
church failed to make good the pastor's salary, the balance of the fund was to be used for that purpose. The chancellor held that the entire bequest was void because it included an object of charity and an object not charitable — that is, the provision for keeping a graveyard in order, which is void as a perpetuity, and the gift being indivisible, the whole is bad.
Besides the upkeep of the graveyard, the trust provides for the payment of income to certain persons and their children, which is, admittedly, not charitable. The paragraphs in question provide that at the death of the first life tenant the income is given to the living children of the first taker and the widow of any child. However, as has been suggested in the briefs, there might be no widow of the child until more than twenty-one years after the death of the first taker.
It is admitted that the paragraphs in question are void under the New York statute where the real estate is situated, but the trustees contend that, under the will, there is an equitable conversion and the proceeds of the real estate are really personalty, and are to be governed by the law of New Jersey. But there is another legal rule which holds that "where there has been an equitable conversion of real estate into personalty for the purposes of the will, and the purposes are invalid as a whole or in part, the conversion fails." Moore v. Robbins, 53 N.J. Eq. 137.
I am of the opinion that the clauses in question violate the rule against perpetuities and are void. It is therefore unnecessary to discuss the question whether or not the bequest to trustees "for the support of the needy" is void for vagueness and uncertainty.
The fourth paragraph of clause eight of the will provides for a payment of $100 a month to the testator's sister, and the question is as to when the payments of the said annuity should begin. Also, under the fifth paragraph, the question is raised as to when distribution of income should commence.
I agree with the contention of the counsel for the trustees that the first payment of the annuity should be made thirteen months after the death of the testator, and the first payment *Page 565 
of income should be made eighteen months after the testator's death.
As to the provision in the clause entitled "lastly," nominating the executors, the question is raised whether or not it prevents them from receiving commissions as executors. I think the cases in this state clearly show that the executors are entitled to their commissions irrespective of any statement in the will.Heath v. Madock, 83 N.J. Eq. 681.
One other question has been raised, and that is as to whether the executors should dispose of the securities in their hands and turn over the proceeds to the trustees, or whether they should turn over the securities in kind. It is the duty of the executor to collect the assets of the estate, and, after the payment of debts and legacies, to turn over whatever remaining assets there are to the trustee in kind.