[Civ. No. 4958. First Appellate District, Division Two.—December 10, 1924.]

## NICHOLAS CONNEALLY, as Guardian, etc., v. THE SAN FRANCISCO SAVINGS AND LOAN SOCIETY (a Corporation), et al., Appellants.

[1] JOINT TENANCY—BANK DEPOSIT—SURVIVORSHIP — TITLE. —When a written instrument is executed by a husband and wife on opening an account with a bank agreeing that the deposit when made and all accumulations thereof should be held by them as joint tenants with the right of survivorship, each is seised of the whole estate from the creation of the tenancy and the whole vests in the survivor without regard to the prior ownership or title to the property.

[2] ID.—INTENT — WRITTEN AGREEMENT — PAROL EVIDENCE. — In an action to determine the ownership of funds deposited in a joint bank account, the question involved is the intention of the parties making the deposit; and where such intention is evidenced by a written agreement this question of intention ceases to be an issue and the courts are bound by the written agreement, and, in the absence of fraud or mistake, parol evidence is inadmissible to change the terms of the legal effect of such written instrument where it is in no respect uncertain or ambiguous.

[3] ID. — ACTION AGAINST SURVIVING HUSBAND — PRESUMPTION OF FRAUD—ISSUES.—In an action against a bank and a surviving husband to determine that the issue of the deceased wife by a former marriage are the owners of certain separate funds of their

---

1. Right of parties in joint bank deposit, note, Ann. Cas. 1916D, 519, 529, 533.

Effect of deposit of one's own funds in name of self and another, note, L. R. A. 1917C, 550. See, also, 3 R. C. L. 527; 4 Cal. Jur. 195.

3. See 13 R. C. L. 1366, 1389; 13 Cal. Jur. 865.

mother which were deposited by her during her lifetime in defend-
ant bank under a joint tenancy agreement with defendant hus-
band, the presumption that because the transaction was between
husband and wife and the husband gained an advantage thereby,
he is presumed to have worked a fraud upon his wife in obtain-
ing the deposit to their joint account, is nothing more than
evidence, and such evidence is inadmissible in the absence of an
issue joined.

[4] ID.—VOLUNTARY TRANSFER BY WIFE—PLEADING—ISSUES—DELIV-
ERY OF PASS-BOOK.—In such action, where the complaint alleges
that the money was, up to the date of the transfer from her
account to the joint account, the separate property of the de-
ceased wife and that on the day mentioned she "caused said
deposit to be transferred" on the books of the bank to the names
of herself and her husband, payable to her or to the survivor of
them, the reasonable interpretation of such pleading is that the
wife carried on the transaction voluntarily and of her own accord,
and, therefore, it is not necessary for the husband to prove
the absence of fraud, undue influence, or mistake; neither is it
necessary for him to prove an actual delivery to him of the bank
pass-book.

---

(1) 7 C. J., p. 865, n. 64 New; 33 C. J., p. 906, n. 94.    (2) 7 C. J.,
p. 865, n. 64 New; 22 C. J., p. 1177, n. 49.    (3) 7 C. J., p. 876, n. 88
New; 30 C. J., p. 684, n. 30 New.    (4) 7 C. J., p. 866, n. 76, p. 876,
n. 88 New.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   T. I. Fitzpatrick, Judge.
Reversed.

The facts are stated in the opinion of the court.

F. J. Kierce for Appellants.

Leo Collins for Respondent.

NOURSE, J.—The plaintiff, as guardian of the minor
children of Delia Murphy, deceased, brought this action
against the defendant Savings Bank and against the sur-
viving husband of their mother, suing him as an individual
and as administrator of the mother's estate. The children
are the issue of a former marriage of their mother. Their
natural father died on October 15, 1915, and left an estate,
all of which passed to his surviving wife and became her
separate property. The mother of the surviving wife de-
posited a portion of this property, the sum of three thou-

sand dollars, with the defendant bank. In September, 1920, she married the defendant Patrick Murphy. There was no issue of said marriage. On March 7, 1922, Delia Murphy, formerly Delia Conneally, died intestate, leaving beside the defendant Murphy the three minor children, for whom the plaintiff herein sues, as the heirs of her estate. On July 14, 1921, the said Delia Murphy caused the defendant bank to transfer from her separate account on deposit in said bank the said sum of three thousand dollars into a new account, which was thereupon opened in the names of ''Delia Murphy and Patrick Murphy, payable to either or to the survivor of them.'' At the same time a written agreement was executed by Delia and Patrick Murphy wherein it was stipulated that all moneys then or at any time deposited by them or either of them with defendant bank to the credit of said account should be payable to either of them or to the survivor of them ''without reference to the original ownership of the moneys deposited.'' This action was brought to compel the defendant Murphy to pay the moneys into his hands as administrator of the estate of Delia Murphy on the theory that said moneys were the separate property of the deceased, Delia Murphy, and as such should be accounted for in her estate. The case was tried by the court without a jury and judgment was rendered as prayed in the complaint. From this judgment the defendant appeals on a record made under section 953a of the Code of Civil Procedure.

[1] On this appeal the appellant relies upon the well-settled rule that when a written instrument is executed by a husband and wife on opening an account with a bank agreeing that the deposit when made and all accumulations thereof should be held by them as joint tenants with the right of survivorship, each is seised of the whole estate from the creation of the tenancy and the whole vests in the survivor without regard to the prior ownership or title to the property. (*Estate of Gurnsey,* 177 Cal. 211, 215 [170 Pac. 402]; *Kennedy* v. *McMurray,* 169 Cal. 287, 291 [Ann. Cas. 1916D, 515, 146 Pac. 647]; *Estate of Harris,* 169 Cal. 725, 726 [147 Pac. 967]. See, also, *Crowley* v. *Savings Union Bank etc. Co.,* 30 Cal. App. 144, 150 [157 Pac. 516]; *Crowley* v. *Savings Bank etc. Co.,* 30 Cal. App. 535, 540 [159 Pac. 194]; *McCarthy* v. *Holland,* 30 Cal. App. 495, 498 [158 Pac. 1045].)

If there should be any doubt as to the controlling effect of the foregoing decisions it is removed by the legislative declarations found in section 15a of the Bank Act of March 1, 1909 (Stats. 1909, p. 87), a re-enactment of the provisions of section 16 of that act (Stats. 1921, p. 1367). This section provides, in part, that "when a deposit shall be made by any person in the names of such depositor and another person and in form be made to either or to the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants. . . . The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, . . . of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

[2] As pointed out in the Kennedy case, *supra,* the question involved in cases of this kind is the intention of the parties making the deposit, and where such intention is evidenced by a written agreement, as was done in the Kennedy case as well as in the case under consideration, this question of intention ceases to be an issue and the courts are bound by the written agreement. Furthermore, as pointed out in the *Estate of Gurnsey, supra,* in the absence of fraud or mistake, parol evidence is inadmissible to change the terms of the legal effect of such a written instrument where it is in no respect uncertain or ambiguous.

[3] The foregoing statement is in strict harmony with the legislative declaration above cited, and though mention is made in respondent's brief regarding it, fraud is not pleaded as an issue, but the respondent insists that we must invoke the presumption that the transaction having been one between husband and wife and the husband having gained an advantage thereby he is presumed to have worked a fraud upon his wife in obtaining the deposit to their joint account. But this presumption is nothing more than evidence, and evidence is inadmissible in the absence of an issue joined. Furthermore, the respondent assumed the burden of rebutting the presumption of fraud, and the only evidence found in the record upon the subject shows without question that Mrs. Murphy brought about the transfer of her own free will and accord and that the appellant was not guilty of any fraud. That no finding was made on the question of

fraud is probably due to the fact that the parties themselves assumed that no issue was joined.

[4] The respondent rested upon the allegations of his complaint to the effect that the money was, up to the date of the transfer, the separate property of Delia Murphy and that on the day mentioned "said *Delia Murphy caused* said deposit to be transferred" on the books of said defendant to the names of Delia Murphy or Patrick Murphy payable to her or the survivor of them. Herein the respondent not only failed to plead fraud, undue influence, mistake, or any other factor entitling him to equitable relief, but the reasonable interpretation of the pleading is that Delia Murphy carried on the transaction voluntarily and of her own accord. It is not, therefore, necessary for the appellant to prove the absence of fraud, undue influence, or mistake. Neither was it necessary for him to prove an actual delivery to him of the pass-book. (*Kennedy* v. *McMurray, supra.*)

The California cases upon which respondent relies, commencing with *Denigan* v. *Hibernia Sav. & Loan Soc.*, 127 Cal. 137 [59 Pac. 389], involved deposits where the right of survivorship was not expressed. These cases are discussed in the Kennedy case, and the distinction between such a case and one where the parties in no uncertain language agree that the right of survivorship shall obtain is there made so clear that we do not deem it necessary to carry this opinion to any further length.

Judgment reversed.

Langdon, P. J., and Sturtevant, J., concurred.