[Civ. No. 8862. First Appellate District, Division Two.—March 31, 1933.]

In the Matter of the Estate of LISETTA E. FRITZ, Deceased. C. ALVIN MULLER, Executor, etc., Appellant; ANNA DOROTHEE STIEGELER, Respondent.

Lynn W. Culp, Sr., and Crozier C. Culp for Appellant.

McKee, Tasheira & Wahrhaftig for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by C. Alvin Muller, as executor of the will of Lisetta E. Fritz, deceased, from an order of the superior court sustaining two certain objections to the account of appellant as such executor and directing him to restate his account. At the date of the testatrix's death two joint bank accounts stood in the names of appellant and the testatrix. One in the Central Savings Bank of Oakland in the sum of $3,757.56 and the other in the Bank of California in San Francisco in the sum of $1428. In his account the appellant failed to include either amount, claiming that upon the testatrix's death both vested in him as surviving joint tenant. Since the objections to the failure to include these amounts were as to each based

upon a different ground we pass to a consideration of each separately.

As to the Central Savings Bank account, the court found that appellant had procured the testatrix to sign a purported joint tenancy agreement by fraud shortly before her death, and ordered appellant to account for the amount of such account. In this behalf the court found that for a long time prior to the execution of the puported joint tenancy agreement the testatrix had owned a bank account in the Central Savings Bank; that on May 12, 1931, decedent requested Anna Dorothee Stiegeler to telephone appellant and ask him to make arrangements with said bank so that money could be withdrawn from said account to pay the hospital bills and expenses of the testatrix; that pursuant to such request Mrs. Stiegeler so telephoned to appellant and on the following day appellant and Mrs. Stiegeler met in the hospital room where the testatrix then was; that at said time Mrs. Stiegeler in appellant's presence told the testatrix that appellant had with him a card to be signed which would permit appellant to withdraw moneys from her account to pay hospital bills and expenses; that neither Mrs. Stiegeler nor the testatrix read such card or knew its contents; that appellant did not deny Mrs. Stiegeler's statement to the testatrix nor explain to her that the card was not a mere authorization to withdraw moneys from her account, although in fact it was an agreement to create a joint tenancy in such account with appellant; and that said act of appellant in not disclosing to the testatrix the effect of said card and in permitting her to sign it, believing that it was a mere authorization to draw money, constituted actual fraud.

Without detailing the testimony it will suffice to say that everything so found is supported by competent evidence and while a conflict exists in the testimony we are bound on appeal by the resolution of that conflict in favor of the respondent.

Appellant complains of the introduction of the evidence of Mrs. Stiegeler's statement to the testatrix that appellant had brought a card for her to sign to enable him to with-draw money from the account and his silence in the face of such statement. In this behalf he cites cases from other jurisdictions holding that the failure to deny a statement made by a third person cannot constitute an admission in the absence

of a duty to speak. Conceding these authorities their full weight such a duty was cast upon appellant. The court found that the testatrix requested Mrs. Stiegeler to telephone to appellant and ask him to arrange to withdraw money from her account and that Mrs. Stiegeler did so. Under such circumstances when Mrs. Stiegeler told the testatrix in appellant's presence that he had brought a card for her to sign to enable him to withdraw money he was under a clear duty to explain to her that the card was not a mere authorization, but was in fact an agreement for a joint tenancy. Indeed, had nothing been said about the purpose or nature of the card the mere presentation of a card purporting to create a joint tenancy in response to a request from the testatrix to arrange to withdraw money from her account would have constituted a fraud upon her without more.

■ Appellant complains of the reception of certain evidence in the nature of admissions made by him after the testatrix's death. While appellant denied having made the admissions, this did not render evidence of them inadmissible. We find no error in connection with the trial court's order sustaining the objection to the failure to account for the money in the account in the Central Savings Bank of Oakland.

The joint tenancy account in the Bank of California was created from funds theretofore belonging solely to the testatrix on January 9, 1928. At that time the testatrix and appellant both signed the following form of agreement upon a card furnished by the bank and retained by it:

"This Time Account and all money now or hereafter credited thereon are the joint property (with right of survivorship) of Lisetta E. Fritz and C. Alvin Muller and payable on check of either and in case of death to the survivor."

In the will admitted to probate the testatrix inserted the following provision:

"My money standing in my name and the name of C. Alvin Muller is all my own but as Mr. C. Alvin Muller is my executor, I added his name to my Bank Book in the Bank of California on California St. near Sansome St. for his convenience so that he can pay all honest debts of my funeral, etc. Then he may keep the balance for his services."

The trial court found in this connection:

"It was the purpose and intent of said decedent, as set forth in said quoted provision of said will, to compensate said executor for his services as such executor by permitting him to retain the balance of said savings account, and said compensation was to be in lieu of the statutory compensation to which an executor is entitled under the law. . . .

"The said bank account above referred to in the amount of $1428, notwithstanding the fact that it stood in the joint names of C. Alvin Muller and said decedent, was and is the property of said decedent, and C. Alvin Muller has no interest therein."

The court accordingly ordered that the statutory commission of the executor be disallowed unless he should file a written stipulation waiving all claim to the sum of $593, the balance in such account, and account for said $593 as a part of the assets of the estate, in which event he may claim his statutory fee.

Appellant attacks the finding that the amount in this bank account was and is the property of the decedent as unsupported by any evidence. ▮ There is abundance of authority that where a person deposits money belonging to himself in a joint account in the name of himself and another and signs a written agreement with that other constituting himself and the other joint tenants therein, in the absence of fraud, undue influence or mistake a joint tenancy with right of survivorship is created and that no evidence outside the writing itself is admissible to explain or vary its effect. (*Kennedy* v. *McMurray*, 169 Cal. 287 [146 Pac. 647, Ann. Cas. 1916D, 515]; *Conneally* v. *San Francisco Sav. & L. Soc.*, 70 Cal. App. 180 [232 Pac. 755]; *Estate of Gurnsey*, 177 Cal. 211 [170 Pac. 402]; *Estate of Nelson*, 104 Cal. App. 613, 619 [286 Pac. 439].) This rule is strengthened by the provisions of the Bank Act, which both at the time of the creation of this joint account (Stats. 1925, p. 512) and at the present time (Stats. 1929, pp. 444, 445) contained in section 15a the following provision with regard to deposits "made in any bank by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them":

"The making of the deposit' in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding in which either such bank or

the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

In *Hill* v. *Badeljy,* 107 Cal. App. 598 [290 Pac. 637], this court sustained the constitutionality of this provision of the Bank Act and held that the making of a deposit in this form was conclusive evidence of the intention to vest title in the survivor in the absence of a showing of fraud or undue influence. ▪ Since no claim is made by respondent in the briefs, and no finding was made by the court, that this deposit was procured by fraud or undue influence, and we find no evidence in the record to that effect, we conclude that the trial court erred in finding that this bank account "was and is the property of said decedent, and C. Alvin Muller has no interest therein".

We may add that the statement of testatrix in her will that this money "is all my own etc." cannot be considered to contradict the writing by which the joint tenancy was created. (*Crowley* v. *Savings Union Bank,* 30 Cal. App. 144, 155 [157 Pac. 516] ; *Rowe* v. *Hibernia Sav. & L. Soc.,* 134 Cal. 403, 407 [66 Pac. 569] ; *Estate of Learned,* 156 Cal. 309, 311 [104 Pac. 315] ; *Potter* v. *Smith,* 48 Cal. App. 162, 169 [191 Pac. 1023] ; *Estate of McCarthy,* 127 Cal. App. 80 [15 Pac. (2d) 223].) It must be held under the authorities that the testatrix and appellant held this account in joint tenancy and that upon the death of the testatrix it vested in appellant by right of survivorship.

Section 900 of the Probate Code (formerly Code Civ. Proc., sec. 1616) provides:

"The executor or administrator shall be allowed all necessary expenses in the care, management and settlement of the estate, and, for his services, the compensation hereinafter provided; but when the decedent, by his will, makes other provision for the compensation of the executor, that shall be full compensation for his services, unless by a written instrument, filed in the court, he renounces all claim for compensation provided for in the will."

Section 901 of the Probate Code (formerly Code Civ. Proc., sec. 1618) provides:

"The executor, when no compensation is provided by the will or he renounces all claim thereto, or the administrator,

shall receive commissions upon the amount of estate accounted for by him, as follows . . . "

Conceding that this account vested in appellant upon the death of the testatrix respondent urges two arguments in support of the order of the court denying executor's fees to appellant unless he renounces the balance in the account and surrenders it to the estate. ■ First, respondent says that the creation of the joint tenancy may be treated as a payment of appellant's commission by the testatrix in advance of her death. If there was any competent evidence to establish that this was the agreement between the testatrix and appellant this argument might carry weight; but outside of the declaration in the will itself, which under the authorities above quoted is not competent as evidence against appellant, there is not a syllable of evidence which would prove or tend to prove that appellant and the testatrix had any such understanding. ■ Second, respondent argues that the case may be treated as one in which the testatrix provided that appellant should serve without compensation. Treating it as such we are satisfied that such a provision would be in conflict with the intention and purpose of the sections of the Probate Code cited above. It is the plain and mandatory purpose of those sections that executors should receive the statutory compensation therein provided unless the will makes other provision for compensation, and even then the executor is given the right, in spite of the desire of the testator as expressed in the will, to renounce the compensation provided for by will, and claim the statutory fees. (*Estate of Shaw*, 85 Cal. App. 518 [260 Pac. 351].) It cannot be that the legislature intended that if the testator provided by will that the executor should receive one dollar as compensation for his services he could renounce the one dollar and demand the statutory fees, but that if the will provided that he receive nothing for his services he would not be entitled to the statutory fees. To permit such a result would be to defeat the clear legislative intent that under any circumstances an executor should be entitled to receive the statutory compensation if he elected to do so.

It is true that under a similar statute an individual surrogate in New York reached a contrary conclusion (*Secor* v. *Sentis*, 5 Redf. Sur. (N. Y.) 570), but his reasoning and

conclusion were afterwards criticised in *In re Arkenburgh,* 38 App. Div. 473 [56 N. Y. Supp. 523]; and in New Jersey under a like statute the court arrived at a conclusion in accord with the one which we have announced. (*Tichenor* v. *Mechanics & Metals Nat. Bank,* 96 N. J. Eq. 560 [125 Atl. 323, 325].) The general statements from Woerner and Schouler quoted in the respondent's brief can be of little assistance in the construction of the particular provisions of our Probate Code.

We are satisfied that the attempt of the testatrix to limit appellant's compensation to a sum of money which vested in him absolutely upon her death by right of survivorship and upon which her will could not operate in any way cannot be given effect.

The order appealed from is accordingly reversed as to that portion only which deals with the account in the Bank of California and the allowance of the executor's statutory fee and the trial court is directed to overrule and disallow the objections in those particulars and to order and approve the payment to appellant of the statutory fee for his services as executor upon his accounting for the balance in the account in the Central Savings Bank of Oakland. In all other respects the order is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1933.