[Civ. No. 9554. First Appellate District, Division Two.—August 29, 1934.]

In the Matter of the Estate of LISETTA E. FRITZ, Deceased. C. ALVIN MULLER, Executor, etc., Appellant, v. ANNA DOROTHEE STIEGELER, Respondent.

Lynn W. Culp, Sr., and Crozier C. Culp for Appellant.

McKee, Tasheira & Wahrhaftig for Respondent.

SPENCE, J.—This is a second appeal involving the orders settling the accounts of the executor in the above-entitled estate. After the *remittitur* went down following the first appeal, the executor restated his account. Objections were filed thereto, and after a hearing was had, the court settled said account allowing certain objections and disallowing certain other objections. This is an appeal by the executor from that part of the order "sustaining the objections to the allowance of commission to the executor and statutory fees to the attorneys for the executor on that certain joint tenancy account referred to as Savings Account No. 7517, in the Bank of California, in amount of $1428, and in ordering a reduction in said commission to the executor and regular statutory attorney fees, each, in the amount of $28.56; also that part of said order and judgment sustaining the objections to allowance to executor of burial expenses in the amount of $835, and disallowing said amount of $835 paid by the executor as burial expenses of the testatrix and charged by the executor to said estate".

Most of the essential facts are set forth in the opinion on the first appeal (*Estate of Fritz,* 130 Cal. App. 725 [20 Pac. (2d) 361]) and need not be repeated here. Upon restating his account, appellant claimed commissions and fees upon the amount represented by the joint account standing in the names of the deceased and the appellant in the Bank of California. This account was at all times claimed by appellant as his own by right of survivorship and his claim with respect to said account was sustained upon the prior appeal. Said account constituted no part of the assets of the estate and we find no merit in appellant's contention that he was entitled to commissions and fees thereon.

Certain further facts should be stated in connection with the appeal from that portion of the order disallowing the amount of $835 paid by appellant as burial expenses. The joint account in the Bank of California was created in 1928. Thereafter the deceased made her will which was

later admitted to probate herein and which contained the following provision: "My money standing in my name and the name of C. Alvin Muller is all my own but as Mr. C. Alvin Muller is my executor, I added his name to my Bank Book in the Bank of California on California St. near Sansome St. for his convenience so that he can pay all honest debts of my funeral, etc." In the account which was before the court on the first appeal, appellant listed three items totaling $835 paid out as burial expenses and he followed said items with the following statement: "These last three items, constituting the total burial expenses, were paid out of said joint tenancy account standing in the name of Lisetta E. Fritz and C. Alvin Muller, reported by bank book 7517, Bank of California, in the amount of $1,428, in accordance with the verbal agreement of the said Lisetta E. Fritz, deceased, and C. Alvin Muller, entered into at the time said joint tenancy was made, and referred to in the Will of said deceased, and are, therefore, not charged to the estate of said deceased." Upon restating his account after the first appeal, appellant claimed credit for said items against the estate. Objections were filed to said items and in answer thereto appellant alleged that the foregoing statement embraced in the original account and relating to said agreement was erroneous in that it referred to the joint account in the Bank of California rather than to the joint account in the Central Savings Bank of Oakland. It will be remembered that upon the hearing of the original account the court found that the signature of the deceased was obtained by fraud on the joint tenancy agreement creating the last-mentioned joint account and that the court's order directing appellant to account for the amount thereof was affirmed on appeal.

We find no merit in appellant's contention that the trial court erred in sustaining the objections to the items for burial expenses upon the settlement of the restated account. Respondent cites *Estate of Grant*, 131 Cal. 426 [63 Pac. 731], and other authorities and claims that this matter was conclusively determined upon the settlement of the original account, but it appears unnecessary to discuss this point. Assuming, without deciding, that there had been no conclusive determination thereof, a question of fact was presented to the trial court. Appellant testified that his agreement

with the deceased related to the other joint tenancy account. Respondent introduced in evidence all the files in the proceeding which included the admission of appellant found in his original account regarding his verbal agreement made at the time that the joint tenancy account in the Bank of California was created. Upon this conflict in the evidence, the trial court was warranted in concluding, in accordance with appellant's admission previously made, that said agreement on the part of appellant was the consideration for the creation of said joint tenancy account in the Bank of California. The objections to said items were therefore properly sustained.

It is further contended by appellant that interest should have been allowed to him on certain money which he claims to have advanced on behalf of the estate. We find no merit in appellant's argument in support of this contention, but it is a sufficient answer to point out that appellant made no claim for interest when he restated his account and that he has appealed only from the portions of the order above set forth.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 28, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 25, 1934.