[Civ. No. 9591. First Appellate District, Division Two.—July 9, 1935.]

W. R. HENRY, Executor, etc., Appellant, v. BANK OF AMERICA et al., Respondents.

354

Fletcher A. Cutler for Appellant.

Hankins & Hankins for Respondents.

SPENCE, J.—This controversy involves the conflicting claims of the parties to certain money deposited in a joint tenancy account of Porter W. Henry and Anna Henry, his wife, prior to the death of either of the spouses. The cause was tried before the court sitting without a jury and from a judgment in favor of defendants, plaintiff appeals.

Said joint tenancy account was opened by said Porter W. Henry and Anna Henry, his wife, in the Peninsula Bank in Burlingame on April 1, 1925. The agreement signed by the spouses with respect to said account read as follows: ''The money now deposited and all moneys which shall at any time be deposited by us or either of us in our joint account as Trustees for Savings No. 2047, with Peninsula Bank, Burlingame, Cal., is and will be so deposited by us, and is to and will be received and held by it, with the understanding and upon the condition, that the same and all dividends or interest thereon, and all accumulations, thereof, are payable to, and shall be collected by us, or either of us, during our joint lives, or to and by the survivor of either of us, or to and by the beneficiary, his (or her) heirs, executors, administrators, or assigns, in the event of the death of both of us, without reference to, or consideration of, the original or previous ownership of such moneys, or any part of same. And we jointly and severally engage and bind ourselves, and our heirs, executors, administrators and assigns, and covenant and agree to and with each other, and to and with said Peninsula Bank, Burlingame, Cal., its successors or assigns, that the receipt of either of us during our joint lives, and the receipt of the survivor of us in the event of the death of either of us, and the receipt of the beneficiary, his (or her) heirs, executors, administrators or assigns, shall be sufficient voucher and a full acquittance and discharge of said Peninsula Bank, Burlingame, Cal., for any and all moneys drawn from

or paid out of said Deposit account.'' It will be noted that the parties thereby agreed with each other and with the bank ''its successors or assigns''. It is conceded that defendant Bank of America National Trust and Savings Association is the successor of the Peninsula Bank and that said account remained open until April 8, 1931, which was shortly before the death of Anna Henry on May 18, 1931. On said April 8, 1931, at which time Anna Henry was not expected to live, Porter W. Henry was advised to withdraw and did withdraw the entire amount on deposit in said joint tenancy account, being a sum in excess of $12,000, and deposited it in a new account in his own name. After the death of Anna Henry, a portion of said sum was withdrawn by Porter W. Henry from the new account and placed in a joint tenancy account with his granddaughter, the defendant Katherine Welch. This action was brought by the executor of the last will and testament of Anna Henry, deceased, seeking to recover from defendants the balance remaining in the two last-mentioned accounts. Prior to the trial of the cause, Porter W. Henry died on February 12, 1932, and his administratrix was substituted in his place and stead. The judgment decreed that plaintiff take nothing by said action, that the defendant administratrix of the estate of Porter W. Henry was entitled to the money on deposit in the account in the name of Porter W. Henry and that the defendant Katherine Welch, by right of survivorship, was entitled to the money on deposit in the joint tenancy account in the names of Porter W. Henry and Katherine Welch.

We are of the opinion that the provisions of section 15a of the Bank Act (Deering's Gen. Laws, Act 652) are determinative of the questions raised on this appeal and that the trial court correctly determined that appellant should take nothing by said action. Said section provides with respect to agreements, such as the one above set forth, ''The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action. or proceeding to which either such bank or the surviving depositor or depositors may be a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors''. There was no claim of fraud or undue inffuence in the present case, and under the terms of said section, the making of the deposit

in that form was "conclusive evidence" of the intention of the parties to vest title to the deposit "and the additions thereto" in the survivor. ■ Appellant introduced evidence relating to the source of the funds and also certain parol evidence in an attempt to show that the intention of the parties was at variance with the intention expressed in said agreement. Under the authorities such evidence was immaterial and the trial court might properly have sustained respondents' objections thereto. (*Kennedy* v. *McMurray*, 169 Cal. 287 [146 Pac. 647, Ann. Cas. 1916D, 515]; *Estate of Gurnsey*, 177 Cal. 211 [170 Pac. 402]; *Conneally* v. *San Francisco S. & L. Society*, 70 Cal. App. 180 [232 Pac. 755]; *Crowley* v. *Savings Union Bank & Trust Co.*, 30 Cal. App. 144 [157 Pac. 516]; *Hill* v. *Badeljy*, 107 Cal. App. 598 [290 Pac. 637].)

■ Practically all the money here involved was deposited in said joint tenancy account of Porter W. Henry and Anna Henry in 1928. Appellant concedes that there would be merit in respondents' position if the joint tenancy agreement had been signed by the spouses at the time said deposit was made in 1928. We are of the opinion, however, that the original agreement governing the account applied with equal force to the subsequent deposits as well as to the initial deposit in said account. The money deposited in 1928 was deposited in said account with the knowledge and consent of the parties and their original agreement governing said account applied to "all moneys which shall at any time be deposited by us or either of us in our joint account". Said section of the Bank Act likewise applied to the initial deposit and "the additions thereto".

In view of the conclusions which we have reached, we deem it unnecessary to discuss the several contentions of appellant, which contentions are based either upon immaterial testimony or appellant's conclusions drawn therefrom. ■ We may further state that we find no evidence to support appellant's claim that the joint tenancy agreement was ever canceled or annulled by the parties.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.