[Civ. No. 15869. Second Dist., Div. One. Dec. 3, 1947.]

Estate of SUSAN S. DOW, Deceased. BERNICE E. BRUSH, Respondent, v. GEORGE H. DOW et al., Appellants.

John F. Poole for Appellants.

Morton H. Eddy and Vernon M. Brydolf for Respondent.

YORK, P. J.—Mrs. Susan Dow died November 26, 1944, and left surviving her three children, appellants George H. and Illa Dow, and respondent Bernice E. Brush. She executed a will on July 27, 1938, and two codicils dated June 5, 1939 and November 22, 1943, respectively. By the terms of the codicils testatrix left to appellants all her personal property, as well as the family home on 1801 Court Street, South Pasadena, together with its contents.

Letters testamentary were issued to appellant George H. Dow on December 26, 1944, and on June 20, 1945, respondent Bernice E. Brush filed a contest to the probate of the two codicils, which never came to trial and was later dismissed. On October 25, 1945, respondent Brush petitioned the court for the removal of the executor for alleged illegal acts, and for other relief, to which appellants directed an answer. Before the matter was heard, the executor resigned and rendered his account, to which respondent filed objections. In the meantime, Citizens National Trust & Savings Bank was appointed administrator of the estate.

In his inventory, George H. Dow, as executor, listed as assets of the estate of Susan S. Dow, deceased, the family home at

1801 Court Street, South Pasadena and certain of the contents; an equity of redemption in the Imperial Valley ranch; the Norwalk ranch, located in Los Angeles County; and a one-half · interest in a $1,500 mortgage, Thompson to Dow.

In his report and account dated March 9, 1946, George H. Dow, as executor, alleged that both the family home and the Imperial Valley ranch has been acquired in 1917 by testatrix, Susan S. Dow, and her predeceased husband, George Dow, as joint tenants with the right of survivorship and that title thereto vested in said testatrix at that date; that a $5,000 cash payment on the purchase price of the Norwalk ranch was the separate property of said testatrix, and that her estate was the owner of a $5,000 interest therein, in addition to a one-half interest in the remaining value over and above the said $5,000.

In her exceptions to the report and account of the executor, respondent Brush alleged that the Norwalk Ranch was not an asset of testatrix' estate and that testatrix had only a life estate therein; further, that she owned only a one-fourth interest in the $1,500 mortgage, Thompson to Dow. This claim is based upon the will and decree of distribution in the estate of George Dow, the predeceased husband of testatrix. Said will devised a life estate to Susan Dow in *"all of my estate,"* she to have "the privilege and right to use the principal or corpus of *my estate* in addition to the income therefrom, as she may desire and need." After making various bequests to members of his family, said testator devised "all the rest, residue and remainder of my estate . . . upon the death of my wife" to his three children, to wit: appellants, George H. and Illa Dow, and respondent Bernice E. Brush, share and share alike. The widow, Susan S. Dow, as executrix of her husband's estate, filed an inventory in which she listed the Norwalk Ranch, a one-half interest in the family home, 1801 Court Street, South Pasadena, and a one-half interest in the Imperial Valley Ranch, as well as two other parcels of realty and certain personal property, not necessary to describe herein. The decree of distribution in the estate of George Dow, deceased, was made on July 21, 1924, and distributed the property listed in the inventory in accordance with the terms of the will.

The instant petition of respondent (for the removal of executor and appointment of administrator with the will annexed, to strike inventory and executor's account from the

file, to disallow claim of Illa B. Dow for $2,491, to strike claims allowed by executor from the files and to compel occupants of estate property to pay rent) came on for hearing before the trial court sitting in probate, after which, on May 3, 1946, the order from which this appeal is prosecuted was entered, to wit:

(a) Disallowing the claim of $5,000 as the separate property of decedent Susan in the Norwalk ranch, because "deceased had only a life estate in said property" which "is not an asset of the Estate of Susan S. Dow."

(b) Overruling petitioner's claim that deceased did not own the equity of redemption in the Imperial County ranch "as said property was held in joint tenancy by deceased and her late husband, George Dow."

(c) Denying petitioner's exception to the claim of Illa B. Dow in the sum of $2,491.

(d) Upholding petitioner's claim that the estate had only a one-fourth interest in the Thompson note.

(e) Granting petitioner's demand to strike the inventory and executor's account.

(f) Decreeing that Illa and George H. Dow were chargeable with rent on the family home in the amount of one-sixth of $85 per month from November 6, 1944, in favor of respondent Brush.

(g) Denying petitioner's demand to strike claims already allowed by executor.

(h) Ordering executor to include automobile in new inventory.

(i) Decreeing with respect to the family home as follows: "As to the half interest in the home place, 1801 Court Street: While the deed to the home property created a joint tenancy and should have been so treated in that estate, apparently it was treated as though it were community property or as though the husband and wife were owners as tenants in common and only *his* half interest was disposed of in his estate. The decree of distribution gives *his* half interest to Susan S. Dow for life with the remainder to the three children in equal shares, subject to several legacies. *Her* half interest she left by last codicil to George and Illa. They will thus receive five-sixths of the whole, the daughter Bernice Brush receiving one-sixth of the whole; and so she would be entitled to one-sixth of the $85.00 a month rental from the date of the death of her mother."

(j) Ordering executor to prepare and file a new inventory and a complete executor's account "in harmony with this order."

Upon hearing appellants' motion for a rehearing or a substitution of another and different order in place of the order of May 3, 1946, it was ordered by the court that the (minute) order of April 5, 1946, hereby be set aside and that the order of May 3, 1946 be sustained.

Appellants urge that the $5,000 invested in the Norwalk Ranch was separate property of testatrix Susan S. Dow. As hereinbefore stated, under the decree of distribution in the estate of George Dow, a life estate in this property was devised to Susan with remainder over to the three children, share and share alike. The last will of Susan S. Dow is not before this court, and only portions of it are referred to in the briefs on appeal. However, in no place in the record is mention made as to how this particular piece of property is disposed of by such will if at all; therefore, it must be assumed that said testatrix believed that she had only a life estate therein and that her three surviving children, George, Illa and Bernice, would take it in equal shares under the terms of the decree of distribution in her predeceased husband's estate. As a result, it would be immaterial whether it was separate property or the community property of testatrix and her late husband.

Appellants claim that a one-half interest in the Thompson note and mortgage is the property of the estate. This note was made payable to Susan S. Dow, George H. Dow, Illa B. Dow and Bernice E. Brush; consequently, the estate is entitled to a one-fourth interest therein only. Any oral agreement to the contrary must be deemed to have merged in the final contract, i.e., the note, which speaks for itself.

It is undisputed that the family home at 1801 Court Street, South Pasadena, was acquired by testatrix and her late husband as joint tenants with the right of survivorship in 1917 and that testatrix occupied the premises until her death. While the will of her husband devised only *his* estate without specific description of any property, the decree of distribution in his estate distributed to testatrix a life estate in a one-half interest of the home place which was held in joint tenancy. As a matter of fact, the title to said property vested in testatrix by operation of law at the time of the original grant. Moreover, that testatrix considered this particular piece of prop-

erty as her separate property is fortified by the fact that she executed a codicil to her last will and testament and devised it to appellants.

As stated in *Zeigler* v. *Bonnell*, 52 Cal.App.2d 217, 219 [126 P.2d 118] : "The right of survivorship is the chief characteristic that distinguishes a joint tenancy from other interests in property. The surviving joint tenant does not secure that right from the deceased joint tenant, but from the devise or conveyance by which the joint tenancy was first created. (*Green* v. *Skinner,* 185 Cal. 435 [197 P. 60].) While both joint tenants are alive, each has a specialized form of a life estate, with what amounts to a contingent remainder in the fee, the contingency being dependent upon which joint tenant survives."

"The interest of a joint tenant, either in realty or personalty, ceases upon his death and the estate devolves upon the survivor or survivors by right of the grant and the fact of survival and not by descent; *it is no part of the decedent's* estate. An unsevered joint tenancy is inconsistent moreover with any presumption of community property and the laws of descent cannot justly be applied to the devolution of the title upon the survivor." (11A Cal.Jur. p. 455, § 330.) See, also, *Estate of Fritz,* 140 Cal.App. 487, 488 [35 P.2d 643].

In an annotated article in 5 Southern California Law Review 148, the following is quoted as a general rule with respect to joint tenancy property: " 'A last will of a deceased joint tenant does not sever a joint tenancy, for upon his death the right of survivorship immediately accrues, and as the devise can not take effect until *after* the death of the testator, there is nothing on which the will can attach.' *Moyse* v. *Gyles,* 2 Vern. 385 (Ch. 1891)."

In *Estate of Fritz,* 130 Cal.App. 725, 729-730 [20 P.2d 361], the testatrix during her lifetime created a joint tenancy in a bank deposit in favor of herself and one Muller, who was named executor of her will. The latter failed to include said deposit in his account, claiming that upon testatrix' death, the same vested in him as surviving joint tenant, despite the fact that testatrix inserted in her will the following provision:

"My money standing in my name and the name of C. Alvin Muller is all my own but as Mr. C. Alvin Muller is my executor, I added his name to my Bank Book in the Bank of California on California St. near Sansome St. for his convenience so that he can pay all honest debts of my funeral, etc. Then he may keep the balance for his services."

The trial court's judgment that Muller had no interest in the joint tenancy account was reversed on appeal, it being held that ''where a person deposits money belonging to himself in a joint account in the name of himself and another and signs a written agreement with that other constituting himself and the other joint tenants therein, in the absence of fraud, undue influence or mistake, a joint tenancy with right of survivorship is created and no evidence outside the writing itself is admissible to explain or vary its effect.'' Also, that ''the statement of testatrix in her will that this money 'is all my own, etc.' cannot be considered to contradict the writing by which the joint tenancy was created. . . . It must be held under the authorities that the testatrix and appellant held this account in joint tenancy and that upon the death of the testatrix it vested in appellant by right of survivorship.''

Likewise, in the instant proceeding, both the Imperial County ranch and the family home at 1801 Court Street, South Pasadena, vested in testatrix, Susan S. Dow, by right of survivorship. They never became a part of the estate of George Dow, deceased, and the court sitting in probate in that estate never acquired jurisdiction over them. As a result, these two properties were the separate property of Susan S. Dow, duly became assets of her estate and the home place was effectively devised to appellants by the codicil to her last will.

Appellants urge that the court erred in ordering them to pay rent to the estate for the use of the home place.

Under section 581 of the Probate Code, an executor is entitled to possession of all real and personal property of the decedent ''and to receive the rents, issues and profits thereof until the estate is settled or until delivered over by the court to the heirs, devisees or legatees. . . . After the time to file or present claims has expired, he is not entitled to recover the possession of any property of the estate from any heir who has succeeded to the property in his possession or from any devisee or legatee to whom the property has been devised or bequeathed . . . unless he proves that the same is necessary for the payment of debts or legacies, or of expenses of administration already accrued, or for distribution to some other heir, devisee or legatee entitled thereto. . . .''

In the instant litigation, the six-month period for filing claims had expired before respondent petitioned the court for the removal of appellant George H. Dow, as executor, and also before she filed her exceptions to his account; hence, it

was not incumbent upon the representative of the estate to oust appellants from possession of the home where they had lived with their mother for many years previous to her death, and which she devised to them by the codicil heretofore mentioned. Testatrix also bequeathed to appellants, George H. and Illa Dow, all of her personal property of every kind and nature, share and share alike. Therefore, in the absence of a showing that the potential income from said home place would be required to pay debts or expenses of administration, it would be a useless act to collect rent from appellants only to return it to them upon final distribution of the estate.

For the reasons stated, those portions of the order appealed from, decreeing (1) that appellants are chargeable with rent on the family home at 1801 Court Street; and (2) that a one-half interest in said family home was disposed of in the estate of George Dow, deceased, and as a result that respondent would be entitled to a one-sixth interest of the whole thereof, —are reversed. In all other respects said order is affirmed.

Doran, J., and White, J., concurred.